UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

───────────────────────────────── X
**Emigrant Mortgage Company, Inc., and**
**Retained Realty, Inc.,**
    **Plaintiff,**

v.                                         CIVIL ACTION NO.

**Doneyn Bourke; William Hayward, Sr.; and**
**Any and All Occupants**
    **Defendants.**
───────────────────────────────── X

## VERIFIED COMPLAINT

NOW COME the Plaintiffs, Emigrant Mortgage Company, Inc. ("Emigrant") and Retained Realty, Inc. ("RRI"), by and through their attorneys, Doonan Graves and Longoria LLC, and hereby files this Verified Complaint seeking a Declaratory Judgment confirming that RRI is the true and lawful owner of the property located at 6 Arkansas Avenue, Nantucket, MA (the "Property") by virtue of Emigrant's foreclosure by entry and possession, a Judgment for Possession of the Property and a Judgment for unpaid use and occupancy by alleging the following:

## PARTIES

1. Emigrant is a foreign corporation organized and existing under the laws of the State of New York with its principal place of business located at 7 Westchester Place, Elmsford, NY 10523.

2. RRI is a foreign corporation organized and existing under the laws of the State of New York, with its principal place of business located at 5 E. 42nd Street, New York, NY 10017.

3. Doneyn Bourke is an individual who, upon information and belief, currently resides at 6

Retained Realty, Inc. v. Doneyn Bourke, et al.
6 Arkansas Avenue, Nantucket, MA
DG&L File No. 56542            1

Arkansas Avenue, Nantucket, MA (the "Property").

4. William Hayward, Sr. is an individual who, upon information and belief, currently resides at 400 E. Fletcher Avenue, Apartment H101, Tampa, FL 33613.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the Property, which is valued at approximately $2,558,604.00, and, further, the Defendants are liable to RRI for monthly use and occupancy payments from March 21, 2011 totaling $372,000.00 thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

## VENUE

7. Venue is properly exercised pursuant to 28 U.S.C. § 1931(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

## FACTUAL ALLEGATIONS

8. On April 17, 2008, Doneyn Bourke and William Hayward, Sr. (hereinafter collectively referred to as the "Mortgagors") executed and delivered a Promissory Note in the amount of $950,000.00 ("Bourke Note") to Emigrant.[1]

9. To secure the debt evidenced by the Bourke Note, the Mortgagors gave a Mortgage on the Property to Emigrant dated April 17, 2008 and registered with the Nantucket County Registry District of the Land Court as Document Number 00123757 and as noted on Certificate of Title Number 22157 ("Bourke Mortgage").[2]

10. The Mortgagors defaulted under the terms of the Bourke Mortgage Loan as a result of their failure to make the April 1, 2009 payment and all subsequent payments due thereunder.

11. As a result of the Mortgagors' default, on March 21, 2011, Emigrant attempted to conduct a foreclosure sale of the Property.[3]

12. On March 21, 2011, Emigrant also made and entry for possession of the Property pursuant to G.L. c. 244, § 1.[4]

13. Retained Realty, Inc. ("RRI") was the highest bidder at Emigrant's attempted foreclosure sale of the Property.[5]

14. On December 14, 2012, Emigrant caused a Foreclosure Deed to be registered with the Nantucket County Registry District of the Land Court as Document Number 00139303 and as noted on Certificate of Title Number 24553.[6]

---

[1] *See* Exhibit A (a true and correct copy of the Bourke Note is attached hereto and incorporated herein).
[2] *See* Exhibit B (a true and correct copy of the Bourke Mortgage is attached hereto and incorporated herein).
[3] *See* Exhibit C (a true and correct copy of the Foreclosure Deed is attached hereto and incorporated herein).
[4] *See* Exhibit D (a true and correct copy of the Certificate of Entry is attached hereto and incorporated herein).
[5] *See* Exhibit C.
[6] *See* Exhibit C.

15. On December 14, 2012, Emigrant also recorded a Certificate of Entry pursuant to G.L. c. 244, §§ 1 & 2.[7]

16. On March 25, 2013, RRI commenced the Summary Process Action in the Nantucket District Court seeking possession of the Property.[8]

17. Pursuant to G.L. c. 244, §§ 1 & 2, the Defendants' equity of redemption terminated on December 14, 2015, which was three years after Emigrant recorded its Certificate of Entry.[9]

18. At the bench trial in the Summary Process Action, RRI argued that, even if there were a defect in Emigrant's foreclosure sale of the Property, it was nevertheless entitled to possession of the Property based upon its foreclosure by entry and possession.[10]

19. On November 28, 2017, the Nantucket District Court entered a Judgment of Possession in favor of RRI in the Summary Process Action based upon its foreclosure by entry and possession.[11]

20. The Mortgagors appealed the Judgment entered in the Summary Process Action to the Appellate Division of the District Court.[12]

21. On December 23, 2019, the Appellate Division of the District Court issued its decision in *Bourke* finding that Emigrant's March 21, 2011 foreclosure sale of the Property was void as a result of defects in its contractual notice of default.[13]

22. Accordingly, the Appellate Division vacated the Judgment of Possession entered in the

---

[7] *See* Exhibit D.
[8] *See* Exhibit E (a true and correct copy of the Docket in Summary Process Action No. 1388SU000017 is attached hereto and incorporated herein).
[9] *See* Exhibit D.
[10] *See Bourke*, 2019 Mass.App.Div. 183, at *4.
[11] *See* Exhibit E, p. 6.
[12] *See* Exhibit E, p. 7.
[13] *See Retained Realty, Inc. v. Bourke*, No. 18-ADSP-74SO, 2019 Mass.App.Div. 183, at *3 (2019); *see also* Exhibit F (a true and correct copy of the decision in *Bourke* is attached hereto and incorporated herein).

Summary Process Action and dismissed RRI's summary process complaint.[14]

23. Although the Appellate Division held that Emigrant's foreclosure under the power of sale was void, in its decision, the Appellate Division nevertheless determined that Emigrant's foreclosure by entry and possession was validly conducted and expressly rejected the Defendants' arguments that the trial judge's finding as to the same was clearly erroneous.[15]

24. However, because RRI commenced the Summary Process Action on March 25, 2013 and the Defendants' right of redemption did not terminate under G.L. c. 244, §§ 1 & 2 until December 14, 2015, the Appellate Division held that the Summary Process Action must be dismissed because RRI did not have standing at the time that it filed its summary process complaint.[16]

25. On January 7, 2020, the Nantucket District Court entered a Judgment dismissing the Summary Process Action in accordance with the Appellate Division's decision in *Bourke*.[17]

26. No tenancy relationship has ever existed between Emigrant or RRI and the Defendants.

27. The Defendants continue to possess the Property at the sufferance of Emigrant.

28. On June 16, 2021, RRI caused the Defendants to be served with a post-foreclosure 3-Day Notice to Quit.[18]

29. The Defendants failed to voluntarily vacate the Property prior to the expiration of RRI's Notice to Quit.

30. The Defendants have not made any payment for use and occupancy for their continued

---

[14] *See Bourke*, 2019 Mass.App.Div. 183, at *4.
[15] *See id.* at *3.
[16] *See id.* at *4.
[17] *See* Exhibit E, p. 8.
[18] *See* Exhibit G (a true and correct copy of the Notice to Quit is attached hereto and incorporated herein).

unlawful possession of the Property since Emigrant made its entry for possession on March 21, 2011.

31. The estimated fair market rental value of the Property is approximately $3,000.00 per month.

32. The total use and occupancy owed from March 21, 2011 to date is $372,000.00.

## COUNT I
## DECLARATORY JUDGMENT THAT RRI IS
## THE TRUE AND LAWFUL OWNER OF THE PROPERTY

33. Emigrant and RRI repeat and re-allege paragraphs 1 through 25 as if fully set forth herein.

34. The Defendants defaulted under the terms of the Bourke Mortgage Loan as a result of their failure to make the April 1, 2009, payment and all subsequent payments due thereunder.

35. Due to the Defendants' default, on March 21, 2011, Emigrant made and entry for possession of the Property.[19]

36. Emigrant was the mortgagee of the Bourke Mortgage at the time of its March 21, 2011, entry for possession of the Property.[20]

37. Emigrant was the holder/owner of the Bourke Note at the time of its March 21, 2011, entry for possession of the Property.[21]

38. Emigrant recorded its Certificate of Entry on December 14, 2012.[22]

39. Emigrant also recorded a Foreclosure Deed to RRI on December 14, 2012.[23]

40. Pursuant to G.L. c. 244, §§ 1 & 2, the Defendants' equity of redemption terminated on

---

[19] *See* Exhibit D.
[20] *See* Exhibit B.
[21] *See* Exhibit A.
[22] *See* Exhibit D.
[23] *See* Exhibit C.

December 14, 2015, which was three years after Emigrant recorded its Certificate of Entry.[24]

41. Although Emigrant's foreclosure under the power of sale was void, the Foreclosure Deed is sufficient to convey Emigrant's full fee interest in the Property to RRI once Emigrant's title accrued on December 14, 2015 upon the termination of the Defendants' equity of redemption.[25]

42. Accordingly, RRI is entitled to a Judgment declaring that it is the true and lawful owner of the Property by virtue of Emigrant's foreclosure by entry and possession.

## COUNT II
## POSSESSION

43. Emigrant and RRI repeat and re-allege paragraphs 1 through 35 as if fully set forth herein.

44. The Defendants became tenants-at-sufferance once Emigrant made its entry for possession of the Property under G.L. c. 244, §§ 1 & 2.[26]

45. Pursuant to G.L. c. 244, § 1 & 2, the Defendants' equity of redemption terminated on December 14, 2015, which was three years after Emigrant recorded its Certificate of Entry.[27]

46. The Foreclosure Deed[28] is sufficient to convey full fee title to the Property to RRI once Emigrant's title accrued on December 14, 2015 upon the termination of the Defendants'

---

[24] *See* Exhibit D.
[25] *See Daukas v. Dadoun*, No. 13 MISC 479718(KCL), 2014 WL 3659395, at *2 (Mass.Lad.Ct. July 23, 2014)(holding that, even where a foreclosure by exercise of the power of sale is void, so long as the mortgagee also made an entry for possession to foreclose, the doctrine of estoppel by deed provides that the Foreclosure Deed is sufficient to convey full fee title to the mortgaged premises upon the expiration of the statutory three-year redemption period under G.L. c. 244, §§ 1 & 2).
[26] *See Bank of New York Mellon v. Morin*, 96 Mass.App.Ct. 503, 136 N.E.3d 396, 407 (2019).
[27] *See* Exhibit D.
[28] *See* Exhibit C.

equity of redemption.[29]

47. Accordingly, RRI is the owner of the Property by virtue of Emigrant's foreclosure by entry and possession.[30]

48. On June 16, 2021, RRI caused the Defendants to be served with a post-foreclosure 3-Day Notice to Quit.[31]

49. The Defendants failed to voluntarily vacate the Property prior to the expiration of RRI's Notice to Quit.

50. Upon information and belief, the Defendants continue to occupy the Property at the sufferance of RRI.

51. As such, RRI is entitled to a Judgment for Possession of the Property.

## COUNT III
## UNPAID USE AND OCCUPANCY

52. Emigrant and RRI repeat and re-allege paragraphs 1 through 44 as if fully set forth herein.

53. Emigrant made its entry for possession on March 21, 2011.

54. The Defendants occupy the Property as tenants-at-sufferance following Emigrant's entry for possession.[32]

55. There is no tenancy relationship by and between Emigrant or RRI and the Defendants.

56. Pursuant to G.L. c. 186, § 3, as tenants-at-sufferance, the Defendants are liable to RRI for use and occupancy payments so long as they continue to occupy Property.

57. The estimated fair market rental value of the Property is approximately $3,000.00 per month.

---

[29] *See Daukas*, 2014 WL 3659395, at *2.
[30] *See* Exhibit D.
[31] *See* Exhibit G.
[32] *See Morin*, 136 N.E.3d at 407.

58. To date, neither Emigrant nor RRI have received any payment for use and occupancy from the Defendants.

59. The total use and occupancy payments owed to RRI from March 21, 2011 through July of 2021 is $375,000.00.

60. RRI is entitled to a Judgment for past due use and occupancy payments in the amount of $375,000.00 plus any additional payments that come due prior to the entry of Judgment in the instant action.

WHEREFORE, Emigrant and RRI respectfully requests that this Court:

1. Enter a Declaratory Judgment that RRI is the true and lawful owner of the Property by virtue of Emigrant's foreclosure by entry and possession;

2. Enter a Judgment for Possession of the Property in favor of RRI;

3. Enter a Judgment in favor of RRI for past due use and occupancy payments in the amount of $375,000.00, plus any additional monthly use and occupancy payments that may come due prior to the entry of Judgment in the instant action; and

4. For such other and further relief as the Court deems just and equitable.

                                      Respectfully Submitted,

                                      Emigrant Mortgage Company, Inc. and
                                      Retained Realty, Inc.
                                      By its attorneys,

Dated: July 8, 2021                /s/Brian C. Linehan
                                      Brian C. Linehan, Esq. (BBO #690437)
                                      Reneau J. Longoria, Esq. (BBO# 635118)
                                      Doonan, Graves & Longoria, LLC
                                      100 Cummings Center Suite 303C
                                      Beverly, MA 01915
                                      Tel. (978) 921-2670

Retained Realty, Inc. v. Doneyn Bourke, et al.
6 Arkansas Avenue, Nantucket, MA
DG&L File No. 56542                                  9

## VERIFICATION

STATE OF NEW YORK)
COUNTY OF ~~New York~~ Kings

I, Joel Marcano, being duly sworn, state:

I am a representative of Emigrant Mortgage Company, Inc., the above-named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _[signature]_

its: Assistant Treasurer

State of New York)
County of Kings)

On this 02 day of July, 2021, before me, the undersigned notary public, personally appeared Joel Marcano, who proved to me through satisfactory evidence of identification which was New York State Driver License to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

Name: Yessenia Rodriguez
Notary Public
My Commission expires: 10-07-2021

> YESSENIA MARIA RODRIGUEZ
> Notary Public, State of New York
> Registration #01RO6290556
> Qualified In Kings County
> Commission Expires October 7, 2021