United States District Court
District of Massachusetts

```
_____  )
                              )
Emigrant Mortgage Company, Inc. )
et al.,                       )
                              )
          Plaintiffs,         )
                              )
     v.                       )    Civil Action No.
                              )    21-11133-NMG
Doneyn Bourke et al.,         )
                              )
          Defendants.         )
_____  )
```

MEMORANDUM & ORDER

GORTON, J.

This action arises from convoluted foreclosure proceedings with respect to property located at 6 Arkansas Avenue in Nantucket, Massachusetts ("the Property").  Pending before the Court are two motions filed by defendants Doneyn Bourke and William Hayward, Sr. (together, "defendants" or "the borrowers") which seek to dismiss the complaint for lack of jurisdiction (Docket No. 7) and for failure to state a claim (Docket No. 8). Plaintiffs, Emigrant Mortgage Company, Inc. ("Emigrant") and Retained Realty, Inc. ("RRI" and, together with Emigrant, "plaintiffs"), oppose those motions.  For the reasons that follow, the motions to dismiss will be denied.

I.    __Background__

The following facts are drawn from the complaint and other
materials subject to judicial notice.  In April, 2008, Bourke
and Hayward executed a promissory note ("the Note") in an amount
just under One Million Dollars, secured by a mortgage on the
Property ("the Mortgage") in favor of Emigrant.  The Mortgage
was registered with the Nantucket County Registry District of
the Land Court ("the Registry") and noted on Certificate of
Title No. 22157 ("the Bourke Certificate of Title").  Defendants
defaulted on their payment obligation in April, 2009 and have
made no payments since.

As a result of defendants' default, Emigrant conducted a
foreclosure sale of the Property in March, 2011.  On the same
day, it made entry for possession of the Property pursuant to
M.G.L. c. 244, § 1.  RRI was the high bidder at the foreclosure
auction and, in December, 2012, Emigrant caused to be registered
with the Registry a foreclosure deed ("the Foreclosure Deed")
conveying the Property to RRI.  The Foreclosure Deed bore
Document Number 0013903 which was noted on a new Certificate of
Title No. 24553 ("the Transfer Certificate of Title").  On the
same day, Emigrant recorded a certificate of entry ("the
Certificate of Entry") pursuant to M.G.L. c. 244, §§ 1 and 2.
The Certificate of Entry was noted on the Bourke Certificate of

Title which was canceled after the issuance of the Transfer Certificate of Title.

In March, 2013, RRI commenced a summary process action in the Nantucket District Court, seeking possession of the Property.  Nearly four-and-a-half years later, the District Court entered judgment in favor of RRI after a bench trial. ("Bourke I").  Bourke and Hayward appealed to the Appellate Division of the District Court, challenging the entry of judgment on several grounds.  They contended that 1) RRI lacked standing to bring the summary process action, 2) Emigrant's failure to comply strictly with the terms of the mortgage rendered the foreclosure void, 3) there was no entry to effect foreclosure, 4) the foreclosure sale was not conducted in a commercially reasonable manner and 5) the judgment at trial was against the weight of the evidence and based upon errors of law.

In December, 2019, the Appellate Division vacated the judgment of the District Court.  See Retained Realty, Inc. v. Bourke, No. 18-ADSP-74SO, 2019 Mass. App. Div. LEXIS 38 (Mass. App. Div. Dec. 23, 2019) ("Bourke II").  It first held that the notice of default, purportedly sent in compliance with ¶ 22 of the Mortgage, failed to comply strictly with the requirements of that paragraph.  Paragraph 22 of the Mortgage required Emigrant to give notice of 1) the default, 2) the action required of the borrowers to cure it, 3) a date, not less than 30 days later, by

-3-

which it must be cured and 4) a warning that failure to cure
might result in acceleration and sale.  Emigrant was also
required to inform the borrowers of their right to bring an
action to assert any defense to acceleration and sale.
Emigrant's notice provided most of that information but stated
that the borrowers had

> the right to assert in any lawsuit for foreclosure and sale
> the nonexistence of a default or any other defense you may
> have to acceleration and foreclosure and sale.

The Appellate Division, following several decisions of the
Massachusetts Supreme Judicial Court ("the SJC"), held that
Emigrant's notice of default was defective because it implied
that the borrowers could, rather than commence an action, wait
until a judicial proceeding against them had begun to assert any
defenses to foreclosure—an exercise in futility in a non-
judicial foreclosure state such as Massachusetts. See Pinti v.
Emigrant Mortg. Co., 33 N.E.3d 1213, 1222-23 (Mass. 2015).  The
Appellate Division held that because of that defect, the notice
of default failed to comply strictly with ¶ 22 and the
subsequent foreclosure was void.  It rejected Emigrant's
contention that a second notice, containing compliant language,
cured the defect because that notice had been sent after
acceleration.

Turning to RRI's alternate argument, i.e. that,
notwithstanding any defect in the foreclosure pursuant to the

power of sale, Emigrant had conducted a valid foreclosure by entry, the Appellate Division first affirmed, over the objection of the borrowers, the finding of the trial court that Emigrant had made entry onto the property in March, 2011.  Because the summary process action had, however, been commenced within three years of the recording of the Certificate of Entry in December, 2012, i.e. before the borrowers' right to redemption was foreclosed, the Appellate Division concluded that, at the time, neither Emigrant nor RRI had standing to obtain summary process under M.G.L. c. 239, § 1.

Thus, because RRI could not obtain summary process pursuant to either a foreclosure by sale or by entry, the Appellate Division vacated the judgment of the trial court and dismissed the action.

In June, 2021, RRI caused defendants to be served with a post-foreclosure notice to quit.  Defendants did not vacate the Property and, in July, 2021, plaintiffs commenced this action in which they assert claims for 1) declaratory judgment that RRI is the rightful owner of the Property ("Count I"), 2) possession ("Count II") and 3) unpaid use and occupancy ("Count III"). Bourke and Hayward now move to dismiss the action, asserting a litany of challenges to this Court's subject matter jurisdiction and the sufficiency of the allegations in the complaint.

## II.  **Motion to Dismiss**

### A. Legal Standard

To survive a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the subject pleading bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id.  The court has "broad authority" in conducting the inquiry and can, in its discretion, consider extrinsic evidence in determining its own jurisdiction. Id. at 363-64.

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and

-6-

"plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

### B. Jurisdictional Matters

As a preliminary matter, Bourke and Hayward interpose several challenges to this Court's subject-matter jurisdiction, most of which rest upon the mistaken premise that the statutory grant to the Land Court of exclusive jurisdiction over actions affecting title to registered land, such as the Property, precludes the maintenance of any such action in federal court.  See M.G.L. c. 185, § 1(a1/2) (providing that "[t]he land court department

shall have exclusive original jurisdiction of . . . [c]omplaints affecting title to registered land"). The effect of Section 1 is, however, only to designate the Land Court as the appropriate forum for such actions among the various state courts. Id.; Sheehy v. Consumer Sols. 3, LLC, No. 13-10637-EFH, 2013 U.S. Dist. LEXIS 57200, at *2 (observing that while § 1 may restrict the jurisdiction of other state courts, it does not affect federal jurisdiction).

The Massachusetts statute does not——and cannot——divest the federal courts of jurisdiction where it otherwise would lie. Sheehy, 2013 U.S. Dist. LEXIS 57200, at *2; McLarnon v. Deutsche Bank Nat'l Trust Co., No. 15-11799-FDS, 2015 U.S. Dist. LEXIS 89840, at *2 (D. Mass. July 10, 2015). Where, as here, the requisite diversity of citizenship and amount in controversy are present, the district court may exercise jurisdiction. LaRace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151 (D. Mass. 2013) (citing Monogram Indus., Inc. v. Zellen, 467 F. Supp. 122, 123 (D. Mass. 1979)). Similar challenges to Counts II and III, albeit based on other state statutes, fail for the same reason.

That disposes of most of defendants' jurisdictional objections. Two residual arguments are no more persuasive. Bourke and Hayward first contend that no action for possession exists under Massachusetts law, a proposition which the First Circuit Court of Appeals ("the First Circuit") has considered

-8-

and rejected. <u>See</u> <u>Serra</u> v. <u>Quantum Servicing, Corp.</u>, 747 F.3d 37, 43 (1st Cir. 2014).  Next, they insist that M.G.L. c. 186, § 3, which provides a cause of action for unpaid use and occupancy, does not apply if, as here, the occupant asserts an adverse claim of title.  That argument has also been rejected, this time by the SJC. <u>See</u> <u>Davis</u> v. <u>Comerford</u>, 137 N.E.3d 341 (Mass. 2019).

### C. Application

Having resolved all jurisdictional matters, the Court turns to whether plaintiffs have stated a claim.  Here, again, Bourke and Hayward proffer numerous arguments but they are without merit.

First, Bourke and Hayward argue that plaintiffs' claim of title to the Property is barred by res judicata.  Res judicata is an affirmative defense which may be resolved upon a motion to dismiss if, as here, the facts establishing it are clear from the face of the complaint as supplemented by matters fairly incorporated within it or susceptible to judicial notice. <u>Montserrat</u> v. <u>Newman</u>, 28 F.4th 314, 318 (1st Cir. 2022).  It comprises two separate doctrines, claim preclusion and issue preclusion. <u>Kobrin</u> v. <u>Bd. of Registration in Med.</u>, 832 N.E.2d 628, 634 (Mass. 2005).  Defendants rely upon claim preclusion which

> makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action.

Id. (quoting O'Neill v. City Manager of Cambridge, 700 N.E.2d 530, 532 (Mass. 1998)).  Application of the doctrine to preclude a subsequent claim requires that the moving party satisfy three elements: 1) identity or privity of the parties to the present and prior actions, 2) identity of the causes of action and 3) a prior final judgment on the merits. Id.  Bourke and Hayward contend that because the question of RRI's claim to title was litigated and finally resolved against it in Bourke II, it cannot now be reprised.

That argument overstates the holding of the Appellate Division in Bourke II which, with respect to the foreclosure by entry, was premised on RRI's lack of standing to obtain summary process. See Bourke II at *9 (holding that "neither Emigrant nor RRI had standing to obtain summary process").  Dismissal for lack of standing, a jurisdictional defect under Massachusetts law, see id. at *10 (quoting Rental Property Mgmt. Servs. v. Hatcher, 97 N.E.3d 319, 326 (Mass. 2018)), is not an adjudication on the merits, Mass. R. Civ. P. 41(b)(3); see Bevilacqua v. Rodriguez, 955 N.E.2d 884 (Mass. 2011).  As such, it does not preclude renewal of the dismissed claim in a subsequent action once standing has been obtained. LaRace, 99 Mass. App. Ct. at 323 n.8; Emigrant Residential LLC v. Pinti,

-10-

No. 19-12258-DJC, 2021 WL 1131812, at *4 (D. Mass. Mar. 24, 2021).

Second, defendants contend that defects in the notice of default sent to them by Emigrant render the foreclosure by entry void. That argument conflates two distinct methods of foreclosure. Under Massachusetts law, a mortgagee may foreclose under the power of sale or by entry. See M.G.L. c. 244, § 1 (providing for foreclosure by entry); M.G.L. c. 244, § 14 (providing for foreclosure under the power of sale). Foreclosure made pursuant to the statutory power of sale, M.G.L. c. 189, § 21, requires the mortgagee to comply strictly with § 21 and related terms of the mortgage, id.; Pinti, 33 N.E.3d at 1218. One such term is contained in ¶ 22 of the standard Massachusetts mortgage and requires the borrowers be sent a notice of default prior to acceleration of the loan. See id. at 1221. As has been discussed, the Appellate Division held in Bourke II that defects in the notice of default conveyed by Emigrant rendered it noncompliant and the subsequent foreclosure under the power of sale void. Bourke II at *6.

Foreclosure by entry, however, does not require the mortgagee to send a notice pursuant to ¶ 22 before making an entry for possession. See Joyner v. Lenox Sav. Bank, 76 N.E.2d 169, 174 (Mass. 1947) (explaining that "[t]here was no statutory requirement that the bank notify the mortgagors or the assignee

-11-

of the subsequent mortgagee of the entry"); M.G.L. c. 244, § 1.
The defect in the notice of default sent by Emigrant is thus
irrelevant to the question of whether plaintiffs may proceed
with foreclosure by entry.

Third, Bourke and Hayward insist that RRI cannot foreclose
pursuant to Emigrant's entry because the Certificate of Entry
was noted on the canceled Bourke Certificate of Title, not the
Transfer Certificate of Title which replaced it.  They argue
that even if the Certificate of Entry were valid (why it would
not be is unexplained) it was "terminated" when the Transfer
Certificate of Title issued.  It is unclear what is meant by
this convoluted submission for which little elaboration and no
relevant precedent is offered.  Consequently, defendants'
argument is disregarded.

Finally, defendants' remaining contentions are nearly
verbatim recitations of jurisdictional arguments previously
addressed and rejected.

**ORDER**

For the foregoing reasons, defendants' motions to dismiss (Docket Nos. 7 & 8) are **DENIED.**

**So ordered.**


    /s/ Nathaniel M. Gorton    
Nathaniel M. Gorton
United States District Judge

Dated:  August 18, 2022