UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| EMIGRANT MORTGAGE COMPANY, INC., et al. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | Civil Action No. 21-11133-JCB |
| v. | | |
| DONEYN BOURKE, et al. | | |
| Defendants. | | |

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTIONS TO DISMISS
[Docket No. 28]

January 26, 2023

Boal, M.J.

On August 18, 2022, Judge Gorton denied the Defendants Doneyn Bourke and William Hayward, Sr.'s motions to dismiss. Docket No. 11. Defendants have moved for reconsideration of that order. Docket No. 28.[1] For the following reasons, I deny the motion.

I.   BACKGROUND

This action arises out of foreclosure proceedings with respect to property located at 6 Arkansas Avenue, Nantucket, Massachusetts (the "Property"). On April 17, 2008, the Defendants executed a promissory note (the "Note") in the amount of $950,000, secured by a mortgage on the Property (the "Mortgage") in favor of Emigrant Mortgage Company, Inc. ("Emigrant"). Verified Complaint at ¶ 8. On March 21, 2011, Emigrant attempted to foreclose

---

[1] On December 20, 2022, the parties consented to the jurisdiction of a magistrate judge for all purposes and, on December 28, 2022, the case was reassigned to the undersigned. See Docket Nos. 23-26.

1

on the Mortgage by exercise of the statutory power of sale. Id. at ¶ 11. At the time of the foreclosure sale, Emigrant also made an entry for possession of the Property pursuant to M.G.L. c. 244, § 1. Id. at ¶ 12. Retained Realty, Inc. ("RRI") was the highest bidder at Emigrant's attempted foreclosure sale of the Property. Id. at ¶ 13.

On March 25, 2013, RRI commenced a summary process action against the Defendants in Nantucket District Court. Id. at ¶ 16. RRI argued that, even if there were a defect in Emigrant's foreclosure sale of the Property, it was nevertheless entitled to possession of the Property based upon its foreclosure by entry and possession. Id. at ¶ 18. The Nantucket District Court entered judgment for RRI and the Defendants appealed. Id. at ¶¶ 19, 20.

On December 23, 2019, the Appellate Division of the District Court vacated the judgment of the District Court. Retained Realty, Inc. v. Bourke, No. 18-ADSP-74SO, 2019 Mass. App. Div. 183 (2019). The Appellate Division found that Emigrant's March 21, 2011 foreclosure sale of the Property was void as a result of defects in its contractual notice of default. Id. at *2-3. The Appellate Division affirmed the finding of the District Court that Emigrant had made entry onto the Property in March 2011. Id. at * 3. However, because the summary process action had been commenced within three years of the recording of the certificate of entry in December 2012, i.e., before the borrowers' right of redemption was foreclosed, the Appellate Division found that, at the time, neither Emigrant nor RRI had standing to obtain summary process under M.G.L. c. 239, § 1. Id. at *4. Because RRI could not obtain summary process pursuant to either a foreclosure sale or by entry, the Appellate Division vacated the judgment of the trial court and dismissed the action. Id.

On June 16, 2021, RRI caused the Defendants to be served with a post-foreclosure 3-day notice to quit.  Verified Complaint at ¶ 28.  The Defendants failed to voluntarily vacate the Property prior to the expiration of RRI's notice to quit.  Id. at ¶ 29.

On July 9, 2021, Emigrant and RRI commenced this action.  Docket No. 1.  The Verified Complaint asserts claims for (1) declaratory judgment that RRI is the rightful owner of the Property, (2) possession, and (3) unpaid use and occupancy.  Id. at ¶¶ 33-60.  Defendants moved to dismiss the complaint, challenging the Court's subject matter jurisdiction as well as the sufficiency of the allegations in the Verified Complaint.  Docket Nos. 7, 8.

On August 18, 2022, Judge Gorton denied the Defendants' motions to dismiss.  Docket No. 11.  On December 28, 2022, the case was reassigned to the undersigned.  Docket No. 26.  On January 6, 2023, the Defendants filed the instant motion for reconsideration.  Docket No. 28.  The Plaintiffs filed an opposition on January 20, 2023.  Docket No. 32.

II.    ANALYSIS

   A.    Standard Of Review

In order to prevail on a motion for reconsideration, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact."  Caribbean Mgmt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014)).  "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'"  Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek,

3

Inc., 455 F.3d 7, 15 (1st Cir. 2006) (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)).

  B. Defendants Have Not Met The Standard For A Motion For Reconsideration

The Defendants' motion is largely premised upon the same arguments upon which they relied in support of their prior motions to dismiss, which were thoroughly considered and rejected by Judge Gorton. Among other things, Defendants argued then, and argue again now, that this Court lacks subject matter jurisdiction over the Plaintiffs' claim for Declaratory Judgment because the Land Court has exclusive jurisdiction over claims affecting title to registered land (compare Docket No. 7 at 1-2 with Docket No. 28 at 12-13); that no action for possession exists under Massachusetts law (compare Docket No. 7 at 2-3 with Docket No. 28 at 7-10); and that Plaintiffs cannot recover unpaid use and occupancy if, as here, the occupant asserts an adverse claim of title (compare Docket No. 7 at 4 with Docket No. 28 at 11-12). Judge Gorton considered and rejected those arguments and Defendants have not shown that his decision was based on a manifest error of law or fact. See Caribbean Mgmt. Group, Inc., 966 F.3d at 45 ("As long as the district court has not 'misapprehended some material fact or point of law,' a motion for reconsideration is rarely 'a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected.'").

The Defendants also argue, for the first time, that the doctrine of judicial estoppel bars the Plaintiffs' claims. Docket No. 28 at 17-19. However, "it is settled beyond hope of contradiction that, at least in the absence of exceptional circumstances, a party may not advance new arguments in a motion for reconsideration when such arguments could and should have been advanced at an earlier stage of the litigation." Caribbean Mgmt. Group, Inc., 966 F.3d at 45

4

(citations omitted).  Defendants have not demonstrated exceptional circumstances excusing their failure to raise this issue in its prior motions.

        C.        <u>The Rooker-Feldman Doctrine Does Not Bar Plaintiffs' Claims</u>

The Defendants also argue that the <u>Rooker-Feldman</u> Doctrine bars Plaintiffs' claims. Docket No. 28 at 19-20.  The <u>Rooker-Feldman</u> doctrine implicates the Court's subject matter-jurisdiction.  <u>Mills v. Harmon Law Offices, P.C.</u>, 344 F.3d 42, 44 n. 1 (1st Cir. 2003).  For that reason, this Court will consider this argument even though the Defendants could have, but did not, previously raise it.  See <u>Unión Internacional UAW, Local 2415 v. Bacardi Corp.</u>, 8 F.4th 44, 52 n.5 (1st Cir. 2021) (citing <u>Foisie v. Worcester Polytechnic Inst.</u>, 967 F.3d 27, 35 (1st Cir. 2020)) ("Subject matter jurisdiction is governed by Article III of the Constitution and is a constitutional requirement that can never be waived.").

The <u>Rooker-Feldman</u> Doctrine arose from two Supreme Court decisions, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  See <u>Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.</u>, 471 F.3d 220, 222 (1st Cir. 2006).  "In both of these cases, state-court losers instituted federal suits complaining of injuries caused by the state-court judgments rendered against them and asking the federal courts to review and reject those judgments."  <u>Id.</u>  The Supreme Court held that the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts; only the Supreme Court has such jurisdiction under 28 U.S.C. § 1257.  <u>Id.</u>

In <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, "the Supreme Court reined in the lower courts' application of <u>Rooker-Feldman</u>, limiting the doctrine to [] those kinds of cases from which the doctrine derived."  <u>Id.</u> (citing <u>Exxon Mobil Corp.</u>, 544 U.S. 280, 284 (2005)). "Post-<u>Exxon</u>, the lower courts cannot rely on <u>Rooker-Feldman</u> to dismiss a case unless, <u>inter</u>

alia, the federal plaintiff seeks redress of an injury *caused by* an allegedly erroneous state court decision; if the plaintiff alleges a constitutional violation by an adverse party independent of the injury caused by the state court judgment, the doctrine does not bar jurisdiction." Id. (emphasis in original; citations omitted).

In Exxon, the Supreme Court stressed that 28 U.S.C. § 1257 does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate a matter previously litigated in state court." Exxon, 544 U.S. at 293. If a federal plaintiff presents some independent claim, one in which he is not simply complaining of the state court judgment itself, "then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id. In other words, the Rooker-Feldman doctrine is narrow, prohibiting only de facto appeals of state court judgments, and distinct from the law of issue and claim preclusion. See Lance v. Dennis, 546 U.S. 459, 466 (2006); see also Klimowicz v. Deutsche Bank Nat'l Trust Co., 907 F.3d 61, 66 (1st Cir. 2018) ("[T]he Rooker-Feldman doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit"; rather, "the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment."). "Rooker-Feldman is not simply preclusion by another name." Lance, 546 U.S. at 466.

Here, the Plaintiffs do not seek redress of an injury caused by the Appellate Division's decision. The Appellate Division held that the District Court's finding that there was an entry pursuant to M.G.L. c. 244, §§ 1 and 2 was not clearly erroneous. Retained Realty, Inc., 2019 Mass. App. Div. 183, at *3. It then found, however, that neither Emigrant nor RRI had standing to obtain summary process because they commenced the summary process action prior to the

expiration of the three-year equity of redemption statutory period. See id. at *4. The Appellate Division's decision does not appear to bar a subsequent action to obtain possession of the Property provided that the Plaintiffs satisfy the requirements to obtain standing under Massachusetts law. See id. That is what the Plaintiffs are attempting to do in this action. Therefore, they are not seeking a de facto appeal of the Appellate Division's decision. Accordingly, I find that the Rooker-Feldman Doctrine does not bar Plaintiffs' claims.

III.   ORDER

For the foregoing reasons, I deny the Defendants' motion for reconsideration.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE