—————————————————————————X

**Emigrant Mortgage Company, Inc., and**
**Retained Realty, Inc.,**
    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 21-CV-11133-JCB**

**Doneyn Bourke; William Hayward, Sr.; and**
**Any and All Occupants,**
    **Defendants.**

—————————————————————————X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, the Plaintiffs, Emigrant Mortgage Company ("Emigrant") and Retained Realty, Inc. ("RRI"), by and through their attorneys, hereby submit this Memorandum of Law in support of their Motion for Summary Judgment on all counts set forth in the Complaint as well as their counterclaims.

## I.      INTRODUCTION

This action arises out of Emigrant's foreclosure by entry and possession of a mortgage on the property located at 6 Arkansas Avenue, Nantucket, MA (the "Property") given by the Doneyn Bourke and William Hayward, Sr. to Emigrant, dated April 17, 2008, and registered with the Nantucket County Registry District of the Land Court ("Registry") as Document No. 00123757 ("Bourke Mortgage").[1] On March 21, 2011, Emigrant attempted to foreclose the Bourke Mortgage Loan by exercise of the statutory power of sale.[2] That same day, Emigrant also made entry for possession of the Property for the purpose of foreclosing the Bourke Mortgage Loan pursuant to G.L. c. 244, § 1.[3] The Certificate of Entry and Foreclosure Deed conveying the Property to RRI were recorded on December 14, 2012.[4]

---

[1] *See* Appendix of Exhibits ("Appx."), Exhibits A, B & D (true and correct copies of the Bourke Note, Bourke Mortgage and Certificate of Entry are attached thereto and incorporated herein).

[2] *See Retained Realty, Inc. v. Bourke*, No. 18-ADSP-74SO, 2019 Mass.App.Div. 183, at *1 (Feb. 8, 2019).

[3] *Id.*

[4] *Id.; see* Appx. Exhibits C & D (a true and correct copy of the Foreclosure Deed is attached thereto and incorporated herein).

Emigrant Mortgage Company, Inc., et al. v. Doneyn Bourke, et al.
6 Arkansas Avenue, Nantucket, MA
DG&L File No. 56542          1

Thereafter, RRI commenced a summary process action in the Nantucket District Court and obtained a judgment for possession against the Defendants.[5] The Defendants appealed the judgment and the Appellate Division of the District Court ("Appellate Division") determined that Emigrant's foreclosure sale of the Property was void as a result of defects in its contractual notice of default,[6] however, the Court also determined that the trial court's finding that Emigrant's foreclosure by entry and possession was validly conducted on March 21, 2011, and that the Certificate of Entry was duly recorded on December 14, 2012, were not clearly erroneous.[7] Nevertheless, RRI commenced its summary process action before the statutory three-year redemption period (hereinafter referred to as the "Statutory Period") expired under G.L. c. 244, § 1.[8] Because the Defendants' equity of redemption was not extinguished under G.L. c. 244, § 1 until after the summary process complaint was filed, the Appellate Division held that RRI's title obtained by virtue of Emigrant's foreclosure by entry and possession could not form the basis for its summary process action.[9]

Notwithstanding the Appellate Division's findings, the Defendants continue to assert an adverse claim of title to the Property. As set forth more fully below, the Defendants' challenges to Emigrant's foreclosure by entry and possession and RRI's title to the Property derived therefrom are wholly without merit as a matter of law. The Defendants' affirmative defenses and counterclaims do not address the merits of the Plaintiffs' claims, but rather, relate to the RRI's decision to bring a new action for possession of the Property in federal court based upon the Certificate of Entry, as opposed to proceeding with a new foreclosure under the statutory power of sale. The Defendants' challenges are premised upon a misinterpretation of the Appellate Division's findings and conclusions as to the Parties' respective rights in the Property. Regardless, as the Statutory Period has expired, the Defendants are barred from raising any challenges to the Certificate of Entry or Emigrant's foreclosure by entry and possession evidenced thereby.[10] For these reasons and as set forth more fully

---

[5] *Bourke*, 2019 Mass.App.Div. 183, at *2.
[6] *Id.* at *2-3.
[7] *Id.* at *3.
[8] *Id.* at *4.
[9] *Id.*
[10] *See Singh v. 207-211 Main Street, LLC*, 78 Mass.App.Ct. 901, 937 N.E.2d 977, 979 (2010)("If the mortgagor wants to challenge a foreclosure by entry, it is incumbent on him to do so before the three-year period has elapsed.").

below, the Defendants cannot defeat summary judgment in favor of the Plaintiffs.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

For a complete statement of undisputed facts, please refer to the Plaintiffs' Statement of Undisputed Material Facts incorporated herein by reference.

## III.     LEGAL STANDARD

Summary Judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] The moving party must demonstrate "an absence of evidence to support the nonmoving party's case."[12] For the movant to prevail, it must demonstrate that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[13] The nonmovant then bears the burden of going forward with citations to specific facts which establish a genuine issue for trial.[14]

"[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment."[15] The opposing party must respond with specific facts evidenced through affidavits, admissions, answers to interrogatories and depositions, establishing a "genuine issue for trial."[16] If the opposing party has no reasonable expectation of proving an essential element of their case, that failure of proof "renders all other facts immaterial" and mandates summary judgment in favor of the moving party.[17]

## IV.     ARGUMENT

**A.     The Plaintiffs are Entitled to Summary Judgment on their Claim for a Declaratory Judgment that RRI is the True and Lawful Owner of the Property.**

### 1.     Emigrant sufficiently foreclosed the Defendants' equity of redemption.

RRI is the true and lawful owner of the Property by virtue of Emigrant's foreclosure of the Bourke Mortgage Loan by entry and possession.[18] Pursuant to G.L. c. 244, § 1, upon a mortgagor's

---

[11] Fed. R. Civ. P. 56(a).
[12] *Kourouvacilis v. General Motors Corp.,* 410 Mass. 706, 575 N.E.2d 734, 740-41 (1991)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).
[13] *Celotex Corp.*, 477 U.S. at 323.
[14] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).
[15] *LaLonde v. Eissner*, 405 Mass. 207, 539 N.E.2d 538, 540 (1989); *see Triangle Trading Co., Inc. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999); *Travers v. Flight Servs. & Sys., Inc.*, 737 F.3d 144, 146 (1st Cir. 2013).
[16] *Celotex Corp.,* 477 U.S. at 324.
[17] *Kourouvacilis,* 575 N.E.2d at 738 (citing *Celotex Corp.*, 477 U.S at 323).
[18] *See* G.L. c. 244, §§ 1, 2.

default, a mortgagee may recover possession of the mortgaged premises by making an open and peaceable entry thereon. Upon making an entry for possession, the mortgagee is required to record in the appropriate Registry of Deeds a Certificate executed under oath by two competent witnesses to the entry.[19] So long as the mortgagee's entry is unopposed, and possession is continued peaceably for three years from the date upon which the Certificate of Entry is recorded, the mortgagee's entry and peaceable possession "shall forever foreclose the right of redemption."[20, 21] "[O]nce a foreclosure after peaceable entry has occurred . . . the mortgagee owns both legal and equitable title to the land."[22]

Here, it is undisputed that on March 21, 2011, Dalton T. Frazier ("Frazier"), as attorney-in-fact for Emigrant, made an open, peaceable, unopposed entry for possession of the Property.[23] Thereafter, Kathryn Kiernan ("Kiernan") and Joshua D. Field ("Field") executed a Certificate of Entry certifying, under oath, that they were present at the Property on March 21, 2011, and witnessed Frazier make an open, peaceable and unopposed entry on the Property.[24] The Certificate of Entry was registered with the Registry on December 14, 2012, as Document Number 139302.[25] Emigrant remained in peaceable possession of the Property at all times until the expiration of the Statutory Period on December 14, 2015.[26] The Defendants cannot demonstrate that they took any action sufficient to interrupt Emigrant's peaceable possession of the Property prior to the expiration of the Statutory Period,[27] nor did they exercise their right to redeem the Property prior to the expiration of the Statutory Period.[28] Accordingly, Emigrant's entry and peaceable possession effectively foreclosed the Defendants' equity of redemption in the Property upon the expiration of the Statutory

---

[19] See G.L. c. 244, § 2.
[20] See G.L. c. 244, § 1.
[21] The statutory three-year period of peaceable possession required by G.L. c. 244, § 1 shall hereinafter be referred to as the "Statutory Period."
[22] Santiago ex rel. Santiago v. Alba Mgmt., Inc., 77 Mass.App.Ct. 46, 928 N.E.2d 359, 364 (2010).
[23] See Appx., Exhibit D; see also Appx., Exhibit M (a true and correct copy of the Power of Attorney is attached thereto and incorporated herein).
[24] See Appx., Exhibit D.
[25] See Appx., Exhibit D.
[26] See Bourke, 2019 Mass.App.Div. 183, at *3, *4 (affirming the Nantucket District Court's findings that Emigrant conducted a valid foreclosure by entry and possession); see also Appx., Exhibit J, Affidavit of Emigrant Mortgage Company, Inc. ("Emigrant Affidavit") at ¶ 13.
[27] See Bourke, 2019 Mass.App.Div. 183, at *3, *4; see also Appx., Exhibit J, Emigrant Affidavit at ¶ 13.
[28] See Appx., Exhibit J, Emigrant Affidavit at ¶ 14.

Period on December 14, 2015.[29]

Further, the record before the Court is sufficient to demonstrate that RRI is the owner of the Property following Emigrant's foreclosure by entry and possession. Under the doctrine of estoppel by deed, when a grantor "conveys property by deed which, unknown to the grantee, the grantor does not own at the time of the conveyance, but which the grantor later acquires . . . the grantor . . . is estopped from asserting against the grantee a claim of title to the property conveyed."[30] Here, it is undisputed that, together with the Certificate of Entry, Emigrant also recorded a Foreclosure Deed pursuant to its attempt to foreclose the Bourke Mortgage Loan under the statutory power of sale, which names RRI is the grantee.[31] Although the Appellate Division determined that Emigrant's foreclosure sale was void as a result of defects in its Notice of Default,[32] the Foreclosure Deed is nevertheless sufficient to convey title to RRI as of December 14, 2015, upon the expiration of the Statutory Period.[33]

Where, as here, the Defendants' equity of redemption was extinguished by virtue of Emigrant's foreclosure by entry and possession, and, under the doctrine of estoppel by deed, the Foreclosure Deed is sufficient to convey title to the Property to RRI upon the expiration of the Statutory Period, the Defendants cannot demonstrate a genuine issue of material fact sufficient to defeat summary judgment in favor of the Plaintiffs. As such, the Plaintiffs are entitled to a Judgment declaring that RRI is the true and lawful owner of the Property.

## 2. **The Defendants' challenges to Emigrant's foreclosure by entry are time-barred.**

It is well-settled that, "[i]f a mortgagor wants to challenge a foreclosure by entry, it is incumbent upon him to do so before the three-year period has elapsed."[34] Here, it is undisputed that Emigrant recorded its Certificate of Entry on December 14, 2012.[35] The Defendants did not raise any

---

[29] *See* G.L. c. 244, § 1; *Santiago*, 928 N.E.2d at 364.

[30] *Dalessio v. Baggia*, 57 Mass.App.Ct. 468, 783 N.E.2d 890, 891 (2003)(quoting *Zayka v. Giambro*, 32 Mass.App.Ct. 748, 594 N.E.2d 894, 896 (1992)); *see Daukas v. Dadoun*, Civil Action No. 13 MISC 479718(KCL), 2014 WL 3659395, at *2 (Mass. Land Ct. July 23, 2014)(holding that, under the doctrine of estoppel by deed, even if a foreclosure under the statutory power of sale is invalid, the Foreclosure Deed is sufficient to convey title to the grantee named therein once the grantor-mortgagee acquires title to the foreclosed premises upon the expiration of the Statutory Period relating to its foreclosure by entry and possession).

[31] *See* Appx., Exhibit C.

[32] *See Bourke*, 2019 Mass.App.Div. 183, at *1.

[33] *See Daukas*, 2014 WL 3659395, at *2; *see also Dalessio*, 783 N.E.2d at 891.

[34] *Singh*, 937 N.E.2d at 979.

[35] *See* Appx., Exhibit D.

challenges to Emigrant's foreclosure by entry and possession prior to the expiration of the Statutory Period on December 14, 2015.[36] As a result, and as recognized by the Appellate Division, the Emigrant's foreclosure by entry and possession was sufficient to extinguish the Defendants' equity of redemption once the Statutory Period expired.[37] As such, the Defendants' challenges to Emigrant's foreclosure by entry and possession are time-barred.

### 3. The Defendants cannot demonstrate that they sufficiently opposed Emigrant's entry or interrupted Emigrant's peaceable possession of the Property.

Pursuant to G.L. c. 244, § 1, a mortgagee's entry is sufficient to recover possession of the mortgaged premises so long as the entry is not opposed by the mortgagor, and the mortgagor does not file an action to redeem the Property under Chapter 244.[38] Here, the Defendants cannot demonstrate that they sufficiently opposed Frazier's March 21, 2011, entry for possession of the Property.

Initially, "it is to be assumed, in the absence of proof to the contrary, that the actual entry stated in [the] certificate to have taken place was not one in violation of the law, but rather was in accordance therewith."[39] Further, a Certificate of Entry that is duly executed in accordance with G.L. c. 244, § 1 is conclusive as to the mortgagee's open, peaceable and unopposed entry on the mortgaged premises.[40] In executing the Certificate of Entry, Kiernan and Field certified under oath that Frazier's March 21, 2011, entry was open, peaceable and unopposed.[41] Accordingly, the Defendants have no basis for arguing that Frazier's entry was not conducted in accordance with G.L. c. 244, § 1.[42]

The Defendants may argue that their successful defense of the prior summary process action

---

[36] *See* Appx., Exhibit J, Emigrant Affidavit at ¶ 13; *cf. Bourke*, 2019 Mass.App.Div. 183, at *4 (recognizing that Emigrant's foreclosure by entry and possession was sufficient to extinguish the Defendants' equity of redemption).
[37] *See* G.L. c. 244, § 1; *Santiago*, 928 N.E.2d at 363; *see also Bourke*, 2019 Mass.App.Div. 183, at *4.
[38] *See* G.L. c. 244, § 1; *Hull v. Attleboro Sav. Bank*, 33 Mass.App.Ct. 18, 596 N.E.2d 358, 360 (1992)(Recognizing that an action filed by a mortgagor is insufficient to oppose the mortgagee's entry for possession where the action neither specifically challenges the mortgagee's entry and possession or seeks to redeem the mortgaged property).
[39] *Hawkes v. Brigham*, 82 Mass. 561, 563-64 (1860).
[40] *See id.* at 565 ("Upon the present case as here presented, the court are of opinion that the objection to the sufficiency of the certificate as to the entry to foreclose cannot be sustained. The present case requires us to go no further, as no question arises as to the sufficiency of this certificate to exclude evidence from other sources that this entry was not an open and peaceable one."); *City of Worcester v. Bennett*, 310 Mass. 400, 404 (1941)("The certificate [of entry] was conclusive of Bennett's intent to foreclose.").
[41] *See* Appx., Exhibit D.
[42] *See Hawkes*, 82 Mass. at 565.

was sufficient to interrupt Emigrant's peaceable possession of the Property, however, any such argument would be inconsistent with the Appellate Division's findings and the jurisprudence relating to foreclosures by entry and possession. It is undisputed that the Appellate Division determined that the Defendants' equity of redemption was extinguished prior to trial in the prior summary process action.[43] Logically, if the Defendants' defenses in the prior summary process action were sufficient to interrupt Emigrant's peaceable possession of the Property, the Appellate Division would not have been able to determine that Emigrant's foreclosure by entry and possession was sufficient to extinguish the Defendants' equity of redemption.[44]

In that respect, the procedural posture of this matter is virtually identical to that of *Singh*. In *Singh*, the plaintiff brought a summary process action based upon a foreclosure by entry and possession, however, the plaintiff commenced the action prior to the expiration of the Statutory Period.[45] As a result, the plaintiff's first summary process action was dismissed for lack of subject matter jurisdiction.[46] The plaintiff commenced a second summary process action after the expiration of the statutory period.[47] In response to the second summary process action, the defendant brought an action seeking injunctive relief to stop the plaintiff's eviction arguing that his successful defense of the first summary process action was sufficient to interrupt the plaintiff's peaceable possession of the property at issue.[48] The Appeals Court held that, where the first summary process action was dismissed for lack of standing on the basis that it was premature, the dismissal did not address the parties' respective rights in the foreclosure proceeding.[49]

Similarly, in *Kenyon*, the mortgagor filed an action to redeem the mortgaged premises after the mortgagee's entry for possession, but prior to the expiration of the Statutory Period.[50] Although the claims asserted in the mortgagor's action arose out of the mortgagee's entry for possession, the

---

[43] *See Bourke*, 2019 Mass.App.Div. 183, at *4.
[44] *Cf. Joyner v. Lenox Sav. Bank*, 322 Mass. 46, 76 N.E.2d 169, 173 (1947)(recognizing that a mortgagee's entry and possession of the mortgaged premises, if continued peaceably for three years, is effective to foreclose the equity of redemption).
[45] *Singh*, 937 N.E. 2d at 979.
[46] *Id.*
[47] *Id.*
[48] *Id.*
[49] *Id.* at 980.
[50] *Thompson v. Kenyon*, 100 Mass. 108, 108 (1868).

mortgagor failed to allege any claims specifically challenging the mortgagee's right to foreclose by entry, or the mortgagee's peaceable possession of the mortgaged premises.[51] The mortgagor's first action to redeem the mortgaged premises was dismissed for lack of prosecution.[52] After the Statutory Period expired, the mortgagor commenced a second action, in which he challenged the mortgagee's peaceable possession and again sought to redeem the mortgaged premises.[53] In advancing his claims, the mortgagor argued that the mortgagee's assignment of the mortgage constituted a waiver or abandonment of its entry and peaceable possession.[54] The SJC rejected the mortgagor's arguments and held that neither the mortgagor's prior action to redeem the mortgaged premises, nor the mortgagee's post-entry assignment of its interest in the mortgage, interrupted or otherwise defeated the assignee's continued peaceable possession as successor in interest to the rights of the prior mortgagee.[55]

Likewise, in *Hull* the mortgagee foreclosed the mortgagor's equity of redemption both by exercise of the statutory power of sale and by entry and possession.[56] Prior to the expiration of the Statutory Period, the mortgagor filed an action challenging the mortgagee's foreclosure by exercise of the statutory power of sale.[57] As noted by the Appeals Court, at no time during the course of the first action did the mortgagor seek to redeem the mortgaged premises, or specifically challenge the mortgagee's entry and peaceable possession.[58] After the expiration of the Statutory Period, the mortgagor filed a motion to amend his complaint to include a claim to redeem the mortgaged premises.[59] The trial court took no action on the mortgagor's motion to amend and granted judgment in favor of the mortgagee.[60] The Appeals Court implicitly affirmed the trial court's inaction with respect to the mortgagor's motion to amend by affirming the judgment on all issues except for the sufficiency of the notice served by the mortgagee in foreclosing by exercise of the statutory power of

---

[51] *Id.* at 109-110.
[52] *Id.* at 111-12.
[53] *Id.* at 108.
[54] *Id.* at 110-11.
[55] *Id.* at 111-12.
[56] *Hull*, 596 N.E.2d at 359-60.
[57] *Id.* at 360.
[58] *Id.*
[59] *Id.* at 360 n. 4.
[60] *Id.*

sale.[61]

Following the mortgagor's first appeal and remand to the trial court, the mortgagor filed a second action wherein he asserted challenges directed at the mortgagee's entry and peaceable possession.[62] The mortgagor's second action was ultimately dismissed as moot upon the trial-court's post-remand judgment in favor of the mortgagee in the first action.[63] The mortgagor appealed the disposition of both actions.[64] In its decision on the consolidated appeals, the Appeals Court recognized that, notwithstanding his challenges to the mortgagee's foreclosure under the power of sale, the mortgagor failed to timely assert any claim to redeem the mortgaged premises or otherwise challenge the mortgagee's entry and peaceable possession during the course of the first action.[65] The Appeals Court further recognized that, notwithstanding the extensive litigation with respect to the validity of the mortgagee's foreclosure under the power of sale, which resulted in two appeals and one appellate rehearing, the mortgagee's possession of the mortgaged premises was continued peaceably for three years following its entry.[66] Accordingly, the mortgagor's right of redemption would have been effectively foreclosed by virtue of the mortgagee's foreclosure by entry and possession, even if the foreclosure under the power of sale were to have been rendered void in the first action.[67]

The Appeals Court reached a similar conclusion in its decision in *McDermott,* wherein the mortgagor filed a pre-foreclosure action to rescind his mortgage loan as a means to avoid the mortgagee's foreclosure.[68] The mortgagor's request to rescind his mortgage loan was denied, and the mortgagee conducted its foreclosure under the power of sale while at the same time making an entry for possession of the mortgaged premises.[69] Thereafter, the mortgagor amended his complaint to include allegations solely relating to the mortgagee's foreclosure under the power of sale, and the

---

[61] *Id.*
[62] *Hull*, 596 N.E.2d at 360.
[63] *Id.* at 361.
[64] *Id.*
[65] *Id.* at 360-61.
[66] *Id.* at 363 n. 11.
[67] *Id.* at 363.
[68] *McDermott v. Mortg. Elec. Reg. Sys., Inc.*, No. 08-12121-GAO, 2010 WL 3895460, at *2 (D.Mass. Sept. 30, 2010)(O'Toole, J.)[hereinafter "*McDermott I*"].
[69] *Id.*; *U.S. Nat'l Ass'n v. McDermott*, 87 Mass.App.Ct. 1103, 24 N.E.3d 1061, at *1 (2015)[hereinafter "*McDermott II*"].

U.S. District Court ultimately entered judgment in favor of the mortgagee.[70]

While the mortgagor's appeal of the judgment in his first action was pending, the Statutory Period expired and the mortgagee filed a summary process action in the Housing Court based upon its foreclosure by entry and possession.[71] The Housing Court entered judgment in favor of the mortgagee; and, on appeal, the Appeals Court rejected the mortgagor's argument that the extensive litigation in his first action sufficiently interrupted the mortgagee's peaceable possession of the property.[72] In reaching its decision, the Appeals Court recognized that the scope of the mortgagor's first action was limited to issues concerning the mortgagor's request to rescind the loan and the mortgagee's foreclosure under the power of sale.[73] Further, the Appeals Court specifically noted that, although the mortgagor amended his complaint in the first action following the mortgagee's foreclosure, the mortgagor failed to assert any claims or defenses relating to the mortgagee's entry or subsequent peaceable possession, even though it was incumbent upon him to do so prior to the expiration of the Statutory Period.[74]

Here, although the Defendants successfully defended against Emigrant's foreclosure by exercise of the statutory power of sale, the trial court rejected their defenses relating to Emigrant's foreclosure by entry and possession and the Appellate Division determined that the trial court's findings to that effect were not clearly erroneous.[75] As a result, the Appellate Division determined that the evidence at trial was sufficient to establish that Frazier made an open and peaceable entry upon the Property,[76] that a Certificate of Entry was recorded on December 14, 2012,[77] and that Emigrant's foreclosure by entry and possession was sufficient to extinguish the Defendants' equity of redemption in the Property upon the expiration of the Statutory Period.[78] Nevertheless, RRI's prior summary process action was dismissed for lack of standing on the basis that RRI commenced the

---

[70] *See McDermott II*, 24 N.E.3d 1061, at *1 (discussing the procedural history of *McDermott I*).
[71] *Id.*
[72] *Id.*
[73] *Id.*
[74] *Id.*
[75] *Bourke*, 2019 Mass.App.Div. 183, at *3.
[76] *Id.* at *1
[77] *Id.* at *1, *3.
[78] *Id.* at *4.

action prior to the expiration of the Statutory Period.[79] Accordingly, like in *Singh*, the Defendants' successful defense of the prior summary process action was insufficient to interrupt Emigrant's peaceable possession of the Property.[80]

Where, as here, the Defendants failed to sufficiently challenge Emigrant's foreclosure by entry and possession or the Certificate of Entry resulting therefrom prior to the expiration of the Statutory Period, they cannot defeat summary judgment in favor of the Plaintiffs on their claim for a Declaratory Judgment that RRI is the true and lawful owner of the Property by virtue of Emigrant's foreclosure by entry and possession.

**B.     RRI is Entitled to Summary Judgment on its Claims for Possession of the Property and for Unpaid Use and Occupancy.**

RRI has established its *prima facie* case for possession of the Property following Emigrant's foreclosure of the Defendants' equity of redemption by entry and possession of the Property. Emigrant's Certificate of Entry constitutes sufficient proof of its entry and peaceable possession of the Property for a period of three years from the date the Certificate was recorded.[81] The Statutory Period having expired, the Defendants cannot avoid the presumptive validity of Emigrant's foreclosure in the absence of admissible evidence of some act taken to defeat or otherwise interrupt Emigrant's peaceable possession of the Property.[82] As set forth *supra*, the Defendants cannot satisfy their burden of demonstrating that they interrupted Emigrant's peaceable possession of the Property.[83] Accordingly, the Defendants' equity of redemption in the Property was effectively foreclosed as of December 14, 2015,[84] and, as set forth *supra*, the Foreclosure Deed was sufficient to convey title to RRI as of that date under the doctrine of estoppel by deed.[85]

Upon the foreclosure of their equity of redemption, the Defendants lost all right, title and interest in the Property.[86] Further, the Property was never rented or leased to them by Emigrant or

---

[79] *Id.*
[80] *See Singh*, 937 N.E.2d at 980.
[81] *See* G.L. c. 244, § 1; *Hawkes*, 82 Mass. at 563-64.
[82] *See Bennett v. Conant*, 64 Mass. 163, 166-67 (1852).
[83] *Cf. Bourke*, 2019 Mass.App.Div. 183, at *4.
[84] *See id.*; G.L. c. 244, § 1; *Santiago*, 928 N.E.2d at 364; *Singh*, 937 N.E.2d at 980.
[85] *See Dalessio*, 783 N.E.2d at 891; *Daukas*, 2014 WL 3659395, at *2.
[86] *See Margosian v. Markarian*, 288 Mass. 197, 192 N.E. 612, 613 (1934); *Levin v. Century Indemn. Co.*, 279 Mass. 256, 181 N.E. 223, 225 (1932); *Benton v. Williams*, 202 Mass. 189, 88 N.E. 843, 844 (1909).

RRI.[87] Thus, as the owner of the Property, RRI is entitled to possession of the same.

Additionally, following Emigrant's entry to foreclose, the Defendants are considered tenants at sufferance.[88] Pursuant to G.L. c. 183, § 6, as tenants at sufferance with no right to occupy the Property, the Defendants are legally obligated to pay RRI for their continued unlawful use and occupancy the same. To date, RRI has incurred carrying costs associated with the Property in the amount of $126,598.70, which continue to accrue.[89] The fair market rental value of the Property is $7,500.00 per month.[90] To that end, as of June 30, 2023, the Defendants owe a total of $1,104,965.80 for their continued, unlawful use and occupancy of the Property since Emigrant's March 21, 2011, entry for possession.[91]

Where, as here, RRI is the true and lawful owner of the Property upon the expiration of the Statutory Period on December 14, 2015, and the Defendants are tenants at sufferance following Emigrant's entry for possession, RRI is entitled to a summary judgment on its claims for possession of the Property and unpaid use and occupancy in the amount of $1,104,965.80.

## C. The Plaintiffs are Entitled to Summary Judgment on the Defendants' Counterclaim for Violations G.L. c. 93A.

The Defendants cannot satisfy their burden of demonstrating a genuine issue of material fact sufficient to withstand summary judgment on their Chapter 93A counterclaim. To sustain a claim under Chapter 93A, the Defendants must demonstrate that the Plaintiffs' conduct was unfair or deceptive, and that said conduct caused them to suffer damages.[92] In determining whether conduct is unfair, Massachusetts courts assess "(1) whether the practice is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous [and] (3) whether it causes substantial injury."[93] In *Quaker*

---

[87] *See* Appx., Exhibit J, Emigrant Affidavit at ¶ 15; Exhibit K, Affidavit of Retained Realty, Inc. ("RRI Affidavit") at ¶ 14.
[88] *Bourke*, 2019 Mass.App.Div. 183, at *4 (recognizing that the Defendants are tenants at sufferance of Emigrant following its entry for possession); *see Cunningham v. Davis*, 175 Mass. 213, 56 N.E. 2, 5 (1900); *Singh*, 937 N.E.2d at 980.
[89] *See* Appx., Exhibit K, RRI Affidavit at ¶ 20.
[90] *See* Appx., Exhibit L, Affidavit of David Holt at ¶ 8; Appx., Exhibit I (a true and correct copy of the Fair Market Rent Assessment is attached thereto and incorporated herein).
[91] *See* Appx., Exhibit K, RRI Affidavit at ¶ 22.
[92] *See UBS Fin. Servs., Inc. v. Aliberti*, 483 Mass. 396, 133 N.E.3d 277, 291 (2019).
[93] *Barron Chiro. & Rehab., P.C. v. Norfolk & Dedham Group*, 469 Mass. 800, 17 N.E.3d 1056, 1065-1066

*State*, the First Circuit held that "[t]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."[94] Here, the Defendants cannot satisfy their burden of demonstrating that the Plaintiffs engaged in any unfair or deceptive conduct, whatsoever, let alone conduct that rises to the level of unfairness as contemplated by Chapter 93A.

1. **The Plaintiffs' knowledge of the facts, trial evidence and disposition of the claims at issue in *Bourke* cannot sustain the Defendants' claim Chapter 93A.**

The Defendants' counterclaim for violations of Chapter 93A is premised largely upon the Plaintiffs having knowledge of the circumstances at issue in *Bourke* at the time that they commenced the instant action. The Defendants do not articulate how such knowledge is relevant to their counterclaim, let alone how such knowledge could possibly result in any unfairness. Although the Appellate Division reversed the Judgment entered in favor of RRI, the Court determined that the trial court did not err in concluding that Emigrant conducted a valid foreclosure by entry and that the Defendants' equity of redemption had been extinguished as a result of the same.[95] Rather, the Appellate Division simply held that RRI lacked standing in the matter as the Statutory Period had not yet expired and, as a result, the Defendants' equity of redemption had not yet been extinguished at the time that it brought its summary process complaint for possession.[96]

Contrary to the Defendants' baseless assertions, neither the Appellate Division nor the Nantucket District Court made any finding that RRI did not have a legal or possessory interest in the Property, that the Defendants are in lawful possession of the Property, or that the Defendants are not liable to RRI for use and occupancy payments.[97] In fact, the Appellate Division specifically recognized that, following Emigrant's entry for possession, the Defendants occupy the Property as

---

(2014)(quoting *PMP Assoc., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 321 N.E.2d 915, 917 (1975)); *accord Cummings v. HPG Intern., Inc.*, 244 F.3d 16, 25 (1st Cir. 2001); *Damon v. Sun Co., Inc.*, 87 F.3d 1467, 1484 (1st Cir. 1996)); *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1513 (1st Cir. 1989); *see Framingham Auto Sales v. Workers' Credit Union*, 41 Mass.App.Ct. 416, 671 N.E.2d 963, 965 (1996)(The claimant must prove a "'pernicious purpose,' an 'ulterior motive,' or a 'coercive or extortionate objective.'" ).
[94] 884 F.2d at 1513 (quoting *Levings v. Forbes & Wallace, Inc.*, 8 Mass.App.Ct. 498, 396 N.E.2d 149, 153 (1979)).
[95] *Bourke*, 2019 Mass.App.Div. 183, at *3.
[96] *Id.* at *4.
[97] *See id.*

tenants at sufferance.[98] As set forth *supra*, a tenant at sufferance is liable for use and occupancy payments under the provisions of G.L. c. 186, § 3.

Where, as here, the Appellate Division determined that Emigrant conducted a valid foreclosure by entry and possession and that the Defendants' equity of redemption was extinguished upon the expiration of the Statutory Period, the Defendants cannot demonstrate that the Plaintiffs' acted unfairly by bringing the instant action with knowledge of the facts, trial evidence and disposition of the claims at issue in *Bourke*. As such, the Plaintiffs are entitled to judgment as a matter of law on the Defendants' counterclaim under Chapter 93A.

## 2. __The Defendants cannot demonstrate that the Plaintiffs commenced the instant action with any improper intent.__

Contrary to the Defendants' baseless assertions, the Plaintiffs did not bring the instant action in federal court for the purpose of avoiding the Land Court's jurisdiction over matters pertaining to registered land. Initially, this Court has already rejected the Defendants' challenges to the Court's subject matter jurisdiction in its Order denying the Defendants' Motions to Dismiss.[99]

Further, there is nothing in the record to suggest that the Plaintiffs' decision to bring the instant action in the U.S. District Court, as opposed to the Land Court, was the result of some pernicious purpose, ulterior motive or coercive objective.[100] There is nothing impermissible in bringing claims in federal court, as opposed to state court, on the basis of diversity jurisdiction so long as the Plaintiffs are citizens of a different state than the Defendants and the amount in controversy exceeds the jurisdictional threshold of $75,000.00.[101] The record before the Court is wholly devoid of any evidence that the Plaintiffs brought their claims in this Court in an attempt to gain some unfair advantage over the Defendants, or that the Defendants have suffered damages as a result of the Plaintiffs' choice of venue. Any argument that the Plaintiffs brought their claims in this Court in an attempt to obtain a more favorable outcome than if the claims had been brought in the Land Court is contradicted by the fact that Emigrant is not always successful when bringing claims in

---

[98] *Id.* ("After the recording of that certificate [of entry], B[ourke] & H[ayward] became tenants at sufferance of Emigrant and their possession was Emigrant's until the completion of the foreclosure sale.").
[99] Order Denying Defs.' Mot. to Dismiss at 8, ECF Doc No. 11.
[100] *See Framingham Auto Sales*, 671 N.E.2d at 965.
[101] *See, e.g.*, 28 U.S.C. § 1332.

federal court.[102] Notwithstanding the fact that the Plaintiffs are incapable of predicting the outcome of their claims regardless of the venue, they routinely bring claims such as those at issue in the U.S. District Court due to the convenience and efficiency of the federal court system, which helps reduce the cost of litigation.[103]

Likewise, the Defendants' argument that the Plaintiffs are trying to re-litigate a claim for possession that has already been rejected by the state court is wholly inconsistent with the Appellate Division's decision in *Bourke*.[104] In its decision, the Appellate Division determined that the trial court did not err in concluding that Emigrant made a valid entry for possession that extinguished the Defendants' equity of redemption.[105] The Appellate Division did not make any finding that RRI is not entitled to possession of the Property, generally.[106] The Appellate Division simply held that RRI lacked standing in the summary process action because it filed its complaint before the Statutory Period expired and as a result, RRI's complaint was premature.[107] As recognized by this Court, there is nothing in the Appellate Division's decision that would bar RRI from bringing a new claim for possession now that the Defendants' equity of redemption has been properly foreclosed by virtue of Emigrant's foreclosure by entry.[108]

In that respect, the Defendants cannot demonstrate that the Plaintiffs commenced the instant action for the purpose of improperly depriving them of an ownership interest in the Property. The foreclosure of a mortgage means the termination of all rights of the mortgagor in the property covered by the mortgage.[109] In Massachusetts, after a foreclosure sale, the former owner/former mortgagor of the foreclosed premises, and those occupying the foreclosed premises under them, are considered tenants-at-

---

[102] *See Emigrant Mortg. Co., Inc. v. Pinti*, Civil Action No. 16-CV-11136-MLW (D.Mass. Jan. 11, 2019)("*Pinti II*"); *Emigrant Residential, LLC v. Pinti*, 37 F.4th 717, 728 (1st Cir. 2022)("*Pinti IV*").
[103] *See, e.g.*, *Pinti II*, Civil Action No. 16-CV-11136-MLW; *Emigrant Residential, LLC v. Pinti*, Civil Action No. 19-CV-12258-DJC, 2021 WL 1131812 (D.Mass. Mar. 24, 2021)("*Pinti III*"); *Retained Realty, Inc. v. Green Tech Corp.*, Civil Action No. 21-CV-10781-ADB, 2022 WL 4275236 (D.Mass. Sept. 15, 2022).
[104] *See Bourke*, 2019 Mass.App.Div. 183, at *4.
[105] *Id.* at *3.
[106] *See id.* at *4.
[107] *See id.*
[108] *See id.*; *see also* Order on Defs.' Mot. for Recons. of Order Denying Mots. To Dismiss at 7, ECF Doc No. 33 ("The Appellate Division's decision does not appear to bar a subsequent action to obtain possession of the Property provided that the Plaintiffs satisfy the requirements to obtain standing under Massachusetts law.").
[109] *See Levin*, 181 N.E. at 225.

sufferance, with no further rights to possess the foreclosed premises.[110] Here, the Statutory Period expired on December 14, 2015, effectively foreclosing the Defendants' equity of redemption and terminating any ownership rights that they held in the Property.[111] Because the Defendants have no ownership interest in the Property, their argument that the Plaintiffs are improperly attempting to deprive them of any such interest is wholly without merit.

Similarly, because the record before the Court is sufficient to demonstrate that the Defendants are unlawfully occupying the Property as tenants at sufferance, they have no basis to argue that the Plaintiffs brought the instant action for the purpose of harassing or annoying them or subjecting them to unnecessary legal fees. It is undisputed that the Defendants defaulted under the terms of the Bourke Mortgage Loan as a result of their failure to make the April 1, 2009, payment, and all subsequent payments due thereunder.[112] The Defendants' default occurred less than a year after they obtained the subject mortgage loan.[113] Nevertheless, the Defendants have occupied the Property, which is valued at approximately $1,850,000.00,[114] for over fourteen years following their default. Further, the Defendants have refused to make any payments toward their mortgage loan or for their use and occupancy of the Property since March of 2009.[115] To date, the Defendants owe RRI a total of $1,104,965.80 in unpaid use and occupancy that has accrued since Emigrant's entry for possession on March 21, 2011.[116] Additionally, RRI has incurred carrying costs associated with the Property in the amount of $126,598.70, which continue to accrue.[117] Because the Defendants continue to unlawfully occupy the Property at the sufferance of RRI, and they owe RRI $1,104,965.80 in payments for their continued use and occupancy of the Property, any argument that the Plaintiffs brought this action simply to annoy or harass the Defendants or to subject them to unnecessary legal expenses is disingenuous at best.

Where, as here, the Defendants cannot demonstrate that the Plaintiffs commenced the instant

---

[110] *See Cunningham*, 56 N.E. at 5; *Benton*, 88 N.E. at 844; *Singh*, 937 N.E.2d at 979.
[111] *See Joyner*, 76 N.E.2d at 173; *Santiago*, 928 N.E.2d at 363.
[112] *See* Appx., Exhibit J, Emigrant Affidavit at ¶ 7.
[113] *Compare* Appx., Exhibits A & B, *with* Appx., Exhibit J, Emigrant Affidavit at ¶ 7.
[114] *See* Appx., Exhibit H (a true and correct copy of the BPO is attached thereto and incorporated herein).
[115] *See* Appx., Exhibit J, Emigrant Affidavit at ¶ 16; Appx., Exhibit K, RRI Affidavit at ¶ 16.
[116] *See* Appx., Exhibit K. RRI Affidavit at ¶ 22.
[117] *See* Appx., Exhibit K, RRI Affidavit at ¶ 20.

action for any purpose other than to establish RRI's title to the Property, to recover possession of the Property and to obtain a Judgment for unpaid use and occupancy, they cannot demonstrate that the instant action is the result of any improper intent by the Plaintiffs. As such, the Plaintiffs are entitled to Judgment as a matter of law on the Defendants' counterclaim.

**D. The Plaintiffs are Entitled to Summary Judgment on the Defendants' Counterclaim for Abuse of Process.**

To succeed on their claim for abuse of process, the Defendants must demonstrate that "1) process was used; 2) for an ulterior or illegitimate purpose; 3) resulting in damage to the [Defendants]."[118] Here, as set forth *supra*, the Defendants cannot demonstrate that the Plaintiffs commenced this action for any ulterior or illegitimate purpose.

This Court has already rejected the Defendants' attempts to overcome the Plaintiffs' standing in the instant action based upon the *Rooker-Feldman* doctrine,[119] the Land Court's exclusive jurisdiction over matters involving registered land,[120] and the cancellation of the prior Certificate of Title.[121] Further, it is well-settled that a party may bring a claim to recover possession of real estate in the U.S. District Court notwithstanding Massachusetts' summary process statutes found at G.L. c. 239.[122] Accordingly, the Defendants cannot demonstrate that the Plaintiffs' claims are not properly before this Court.

Further, the Defendants cannot demonstrate that the Plaintiffs brought their claims in this Court based on the expectation that they would obtain a more favorable outcome than if the claims had been brought in the Land Court. Although the Plaintiffs routinely bring similar claims in federal court, such claims are not always resolved in their favor.[123] Although the Plaintiffs are incapable of predicting the outcome of their claims regardless of the venue, they routinely bring claims in the U.S. District Court due to the convenience and efficiency of the federal court system, which helps reduce the cost of litigation.[124]

---

[118] *Scholz v. Goudreau*, 901 F.3d 37 48 (1st Cir. 2018).
[119] *See* Order Denying Defs.' Mot. for Recons. at 5-7, ECF Doc No. 33.
[120] *See* Order Denying Defs.' Mot. to Dismiss at 7-8, ECF Doc No. 11.
[121] *See id.* at 12.
[122] *See id.* at 8-9; *Serra v. Quantum Serv. Corp.*, 747 F.3d 37, 43 (1st Cir. 2014).
[123] *See Pinti II*, Civil Action No. 16-CV-11136-MLW; *Pinti*, 37 F.4th at 728.
[124] *See, e.g., Pinti II*, Civil Action No. 16-CV-11136-MLW; *Pinti III*, Civil Action No. 2021 WL 1131812; *Green Tech*

Moreover, the Defendants cannot demonstrate that the Plaintiffs commenced the instant action for the impermissible purpose of depriving them of a lawful possessory interest in the Property. As set forth *supra*, RRI is the true and lawful owner of the Property following the expiration of the Statutory Period on December 14, 2015, at which point the Defendants' equity of redemption in the Property was extinguished. Contrary to their misreading of the decision in *Bourke*, the Appellate Division did not make any finding that the Defendants are in lawful possession of the Property. The Appellate Division simply dismissed the prior summary process action for lack of standing because RRI's title to the Property and resulting claim for possession did not accrue until after RRI filed its summary process complaint.[125] As this Court recognized, "[t]he Appellate Division's decision does not appear to bar a subsequent action to obtain possession of the Property . . . ."[126]

Where, as here, this Court has jurisdiction over the Plaintiffs' claims and the Plaintiffs brought their claims for the legitimate purposes of establishing RRI's title to the Property, recovering possession of the Property and recovering unpaid use and occupancy, the Defendants cannot satisfy their burden of demonstrating that the Plaintiffs commenced the instant action for some ulterior or illegitimate purpose. As such, the Plaintiffs are entitled to Judgment as a matter of law on the Defendants' counterclaim for abuse of process.

**E.    The Plaintiffs are Entitled to Summary Judgment on the Defendants' Counterclaim for Intentional Infliction of Emotional Distress.**

"The standard for making a claim of intentional infliction of emotional distress is very high."[127] To succeed on their counterclaim for intentional infliction of emotional distress, the Defendants' must establish that the Plaintiffs "(1) intended to inflict emotional distress by (2) undertaking actions that were extreme and outrageous, thereby (3) causing emotional distress which (4) was severe."[128] To that end, extreme and outrageous conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

---

*Corp.*, 2022 WL 4275236.

[125] *See Bourke*, 2019 Mass.App.Div. 183, at *4.

[126] *See* Order Denying Defs.' Mot. for Recons. at 7, ECF Doc No. 33.

[127] *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996).

[128] *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 240 (1st Cir. 2013).

regarded as atrocious, and utterly intolerable in a civilized community."[129]

Here, the Defendants do not set forth any specific allegations in support of their counterclaim for intentional infliction of emotional distress; they simply incorporate the allegations of their prior counterclaims therein. To the extent that their counterclaim is premised upon allegations that RRI did not properly acquire ownership of the Property through Emigrant's foreclosure by entry and possession, courts in this jurisdiction have routinely recognized that, even where improper conduct is involved, the foreclosure of a mortgage loan does not rise to the level of extreme and outrageous behavior necessary to sustain a claim for intentional infliction of emotional distress.[130]

Further, even if the Court were to determine that the Defendants' counterclaim is not directly premised upon the foreclosure of the subject mortgage loan, their counterclaim nevertheless falls short of the "very high"[131] standard for pleading a claim for intentional infliction of emotional distress. The Defendants' counterclaim appears to be dependent upon a misunderstanding of this Court's subject matter jurisdiction; however, this Court has already rejected the Defendants' jurisdictional challenges to the Plaintiffs' claims.[132]

To the extent that the Defendants' counterclaim incorporates their allegations representing that they are the owners of the Property and in lawful possession of the same, said counterclaim would be inconsistent with the Appellate Division's decision in *Bourke*.[133] The Appellate Division did not determine that the Defendants are the owners of the Property or that they are in lawful possession of the same.[134] In fact, the Appellate Division expressly held that, following the recording of Emigrant's Certificate of Entry, the Defendants occupy the Property as tenants at sufferance.[135] The Appellate Division further determined that the Defendants' equity of redemption in the Property

---

[129] *Id.*
[130] *See Asfour v. Citizens Bank, N.A.*, Civil Action No. 16-CV-11732-FDS, 2016 WL 7428224, at *6 (D.Mass. Dec. 23, 2016)(Saylor, D.J.); *Payton v. Wells Fargo Bank, N.A.*, Civil Action No. 12-CV-11540-DJC, 2013 WL 782601, at *4 (D.Mass. Feb. 28, 2013)(Casper, D.J.); *Alvarez v. U.S. Bank, N.A.*, Civil Action No. 11-CV-12324-FDS, 2012 WL 2394680, at *9 (D.Mass. June 22, 2012) (Saylor, D.J.).
[131] *Doyle*, 103 F.3d at 195.
[132] *See* Order Denying Defs.' Mot. to Dismiss at 7-8, ECF Doc No. 11; Order Dneying Defs.' Mot. for Recons. at 5-7, ECF Doc No. 33.
[133] *See Bourke*, 2019 Mass.App.Div. 183, at *3, *4.
[134] *See id.* at *3-4.
[135] *Id.* at *4.

was extinguished following the expiration of the Statutory Period on December 14, 2015.[136]

Regardless, even if the Defendants could defeat the Plaintiffs' claims, which they cannot, merely proceeding on a claim that is ultimately resolved in favor of the opposing party is insufficient to sustain a claim for intentional infliction of emotional distress.[137] Especially given that this Court has already determined that the Plaintiffs satisfied their initial burden of stating their claims for a declaratory judgment, possession of the Property and unpaid use and occupancy.[138]

Moreover, the Defendants fail to allege that the Plaintiffs acted with the requisite intent to inflict emotional distress. It is undisputed that the Defendants defaulted under the terms of the subject mortgage loan on April 1, 2009, that Emigrant conducted a foreclosure by entry as a result of the Defendants' default, that the Defendants continue to occupy the Property following the completion of Emigrant's foreclosure by entry and that the Defendants have not made any payments for their continued use and occupancy of the Property.[139] The Defendants do not allege that the Plaintiffs have engaged in any conduct other than that necessary to enforce the terms of the Note and Mortgage upon the Defendants' default, and to recover use and occupancy payments for which the Defendants are statutorily liable. Thus, the allegations pled in support of the Defendants' counterclaim fail to establish that Emigrant or RRI acted with the requisite intent to inflict emotional distress necessary to sustain the Defendants' counterclaim.

Where, as here, the Defendants cannot demonstrate that the Plaintiffs engaged in any extreme and outrageous conduct with the intent to inflict emotional distress, the Plaintiffs are entitled to judgment as a matter of law.

## V. CONCLUSION

WHEREFORE the Plaintiffs respectfully request that this Court grant their Motion, enter Summary Judgment in their favor and for such other and further relief as this Court may deem just and proper.

---

[136] *See id.*

[137] *Cf. Young*, 717 F.3d at 240 (holding that a claim for intentional infliction of emotional distress requires the plaintiff to demonstrate that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"); *accord Foley v. Polaroid Corp.*, 400 Mass. 82, 508 N.E.2d 72, 82 (1986).

[138] *See* Order Denying Def.s' Mot. to Dismiss at 9-12, ECF Doc No. 11.

[139] *See* Appx., Exhibit J, Emigrant Affidavit at ¶¶ 7, 9, 12, 16; Appx., Exhibit K, RRI Affidavit at ¶¶ 15, 16, 18, 22.

Respectfully Submitted,
Emigrant Mortgage Company, Inc., and
Retained Realty, Inc.
By their attorneys,

Dated: June 30, 2023

/s/ Brian C. Linehan
Brian C. Linehan, Esq. (BBO #690437)
Reneau J. Longoria, Esq. (BBO #635118)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com

## CERTIFICATE OF SERVICE

I, Brian C. Linehan, Esq., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2023.


/s/ Brian C. Linehan
Brian C. Linehan, Esq.