UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMIGRANT MORTGAGE COMPANY, ) <br> INC., and RETAINED REALTY, INC., ) <br>     Plaintiffs ) <br> vs. ) <br> DONEYN BOURKE, ) <br> WILLIAM HAYWARD, SR. ) <br>     Defendants ) | CIVIL ACTION NO. <br> 1:21-cv-11133-NMG |

## DEFENDANTS' PROPOSED JUDGMENT

### Introduction

In response to the Court's ruling on the cross motions for summary judgment (Dkt. No. 74) Doneyn Bourke and William Hayward, Sr. submit this proposed judgment, specifically reserving their right to appeal this judgment and to raising any findings of fact that are not supported in the record and each and every error of law contained in that ruling and in the denial of their motion for reconsideration.

Ms. Bourke and Mr. Hayward also give notice that a Subsequent Petition (S Petition) should be filed in the Land Court pursuant to M.G.L. Ch. 185 § 114 seeking the cancellation of the current outstanding certificate of title (RRI COT (#24553)) due to the final judgment of the Nantucket District Court which found that Retained Realty has no interest in the legal title to the Property. The transfer certificate of title which will issue in that matter will restore the legal title interest of Ms. Bourke and Mr. Hayward as the fee simple owners of the Property. Any judgment of this court will have no effect on the new transfer certificate of title or Retained Realty's interest in the legal title to the Property.

1

## Count One

Count One of the complaint seeks a declaratory judgment regarding the legal title to the real estate located at 6 Arkansas Avenue, Nantucket MA, (Property). The Property is registered land under the land registration system established by M.G.L. Ch. 185. The current outstanding certificate of title (RRI COT (#24553)) was issued by the Land Court on December 14, 2012 and it shows that Retained Realty, Inc. is the owner in fee simple of the Property, unencumbered by any mortgage. The RRI COT does not list Emigrant Mortgage Company, Inc., Doneyn Bourke, or William Hayward as having any interest in the legal title to the Property. The RRI COT was created after the Foreclosure Deed was registered on the previous certificate of title (Bourke COT (#22157)) on December 14, 2012. The Bourke COT was cancelled the same day which terminated the fee simple interests of Ms. Bourke and Mr. Hayward and the mortgage interest held by Emigrant.

The Plaintiffs in this action choose not to pursue a Subsequent Petition (S Petition) in the Land Court as required by M.G.L. Ch. 185 §§ 70 and 114 to amend the RRI COT. Instead they chose to file a complaint in this court seeking to have this court alter or amend the RRI COT. This Court has found that the Emigrant certificate of Entry (Emigrant COE) that was cancelled by the Land Court on December 12, 2012 could transfer the fee simple interest in the Property held by Ms. Bourke and Mr. Hayward to Retained Realty RR.

## Count Two

Retained Realty previously brought a summary process action against Ms. Bourke and Mr. Hayward in the Nantucket District Court. A final judgment entered in that case (Docket No. 55-14 at 6) which declared that Emigrant's attempt to foreclose the

2

mortgage failed and the Foreclosure Deed did not convey any interest in the legal title to RRI. The final judgment was registered on the RRI COT on June 25, 2021. (Docket No. 55-14 at 1). This case was filed on July 9, 2021.

Although Count Two of the complaint bears the title of Possession, it is not a summary process action under M.G.L. Ch. 239. Instead it is an equitable remedy fashioned by the court to end Ms. Bourke and Mr. Hayward's possession of the property, which is the opposite result of the final judgment of the Nantucket District Court. Neither Massachusetts law or Federal law recognize such a cause of action.

### Count Three

Count Three of the complaint bears the title of Unpaid Use and Occupancy. Neither Massachusetts law or Federal law recognize such a cause of action. Under Massachusetts law use and occupancy payments are one of the remedies a plaintiff can obtain in a summary process action. M.G.L. Ch. 186 § 3. Use and occupancy payments are not damages sustained by the plaintiff so under the statute they can only be ordered prospectively. Under Massachusetts law a use and occupancy payment in a post foreclosure summary process action until after the judgment for possession enters for the plaintiff. Since there is no law or precedent for an Unpaid Use and Occupancy action this court will have to fashion a unique remedy for this claim.

**Conclusion**

For all of the reasons set out above this court reconsider the decision it has provided in this case.

Respectfully submitted,
Defendants Doneyn Bourke and
William Hayward, Sr.,
By their attorney,

*/s/ Thomas B. Vawter*
Thomas B. Vawter, BBO #544321
Vawter Law, LLC
P.O. Box 24
Gloucester, MA 01931-0024
781-400-1978 (o)
tbvawter@vawterlaw.com

CERTIFICATE OF SERVICE

I, Thomas B. Vawter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing this 1st day of February, 2024.

*/s/ Thomas B. Vawter*
Thomas B. Vawter
