UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMIGRANT MORTGAGE COMPANY, ) <br> INC., and RETAINED REALTY, INC., ) <br>    Plaintiffs ) <br> vs. ) <br> DONEYN BOURKE, ) <br> WILLIAM HAYWARD, SR. ) <br>    Defendants ) | CIVIL ACTION NO. <br> 1:21-cv-11133-NMG |

### DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT
### Rule 60 F.R.C.P.

NOW COME Doneyn Bourke and William Hayward, Sr., the Defendants in the above-captioned matter who move this Honorable Court to grant them relief from the judgment that was entered by the Court on January 18, 2024 (Docket No. 74) as provided for in Rule 60(b)(4) & (6) F.R.C.P. As grounds therefore they say that the Order contains several clearly erroneous interpretations of Massachusetts law, it is void, and such other reasons that may justify relief. The central issue in the plaintiff's complaint, and in this court's decision on the cross motions for summary judgment is the effect a cancelled certificate of entry has on the legal title to registered land; especially where that certificate of entry does not appear on the current certificate of title.

This issue arises because the entity that claimed to be the holder of a mortgage that was registered on Ms. Bourke and Mr. Hayward's Certificate of Title (Bourke COT) registered a certificate of entry (Emigrant COE) on the Bourke COT. Following what would later be determined was a failed attempt to foreclose the mortgage, Emigrant executed and delivered a quitclaim deed to Retained Realty which was registered on the Bourke COT. As a result of that registration M.G.L. Ch. 185 the Massachusetts Land

1

Court cancelled the Bourke COT and then issued the Retained Realty Certificate of Title (RRI COT).

The RRI COT does not list the Emigrant COE as an encumbrance on the legal title to the property because pursuant to M.G.L. Ch. 185 § 70 it was cancelled and ceased to have any effect on the legal title to the property. The Emigrant COE was terminated by operation of Massachusetts law the moment the RRI COE was issued on December 12, 2012. Any right, title or interest that Emigrant may have previously held in the legal title to the property, specifically including the Emigrant COE, were terminated when the RRI COT issued.

This is made clear by the language of the RRI COT itself, "This is to Certify that RETAINED REALTY, INC. of 5 East 42nd Street New York in the State of New York 10017 is the owner. in fee simple, of that land in Nantucket, in the County of Nantucket … And it is further certified that said land is under the operation and provisions of Chapter 185 of the General Laws, and that the title of said RETAINED REALTY, INC. to said land is registered under said Chapter subject, however, to any of the encumbrances mentioned in section forty-six of said chapter, which may be subsisting, and subject also as aforesaid." In spite of the clear language used in the Certificate and the statutory framework underlying it, this court somehow believed it could make a valid declaration breathing life back into the cancelled Emigrant COE.

Such action also runs afoul of the equally clear language of M.G.L. Ch. 185 §1(a1/2). That section requires any person seeking to alter or amend a Land Court's "judgment of registration" as set out in a certificate of title can only do so by means of an action in the Land Court. Under the statute Retained Realty is required to file a petition in the Land Court seeking to have a new certificate of title issue which states the legal title

2

to the property passed by means other than the foreclosure deed that created the RRI COT. Any judgment rendered by this court will have no effect on the legal title to the property. Ms. Bourke and Mr. Hayward will be filing an S Petition pursuant to M.G.L. Ch. 185 §114 seeking to have the RRI COT cancelled and a new certificate of title issue removing Retained Realty interest in the legal title. The judgment in this case will play no role in that case since it does not effect the legal title to registered land.

Further complicating Retained Realty's attempt to establish an interest in the legal title to the property is the fact it already tried to do that and lost. Retained Realty filed a summary process action in the Nantucket District Court seeking to gain possession of the property from Ms. Bourke and Mr. Hayward. The legal basis for the summary process claim was Retained Realty's assertion that as described in the RRI COT it obtained a legal interest in the property by virtue of the foreclosure deed from Emigrant. Further, Retained Realty and Emigrant disclaimed any interest or right arising under the Emigrant COE. The final judgment in that case held:

> **JUDGMENT FOR DEFENDANT(S) FOR POSSESSION AND RENT**
>
> On the above action, after appellate court decision, the issues having been duly tried or heard, and a finding or verdict having been duly rendered, IT IS ORDERED AND ADJUDGED by the Court (Hon. Thomas S Barrett) that judgment enter in favor of the Defendant(s) named above for possession of the subject premises shown above, that the Plaintiff(s) named above take nothing for rent, use and occupation, and that the Defendant(s) recover of the Plaintiff(s) his(her)(their) costs pursuant to law.
>
> **NOTICE OF ENTRY OF JUDGMENT**
>
> Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a) and Uniform Summary Process Rule 10(d), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, (01/07/20) and this notice is being sent to all parties.

This judgment was registered on the RRI COT on January 27, 2020. Once it was registered Retained Realty's interest in the property was purely as the nominal holder of the legal title. Emigrant now holds an equitable interest in the mortgage that was

discharged by the issuance of the RRI COT. When the new certificate of title is issued by the Land Court Ms. Bourke and Mr. Hayward's will be reinstated as the owners in fee simple subject to the list of encumbrances set out by Land Court. The court's judgment in this case will not even be referenced on the new certificate of title.

"Rule 60(b) invested the federal courts, in certain carefully delimited situations, with the power to 'vacate judgments whenever such action is appropriate to accomplish justice.'" *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59* v. *Superline Transp. Co., Inc.,* 953 F.2d 17 (1st Cir. 1991), citing *Klapprott v. United States,* 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). A judgment is void, and therefore subject to relief under Rule 60(b)(4) if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process. *United States v. One Rural Lot*, 238 F.3d 76 (1st Cir. 2001) quoting *United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (1st Cir.1990). Both of those conditions apply here.

This court lacks subject matter jurisdiction to take any action with regard to the legal title to the property or to the RRI COT that was issued by the Land Court. Any attempt by this court to alter or amend the RRI COT will not have any effect on the Land Court, or any further proceedings in that court arising in the S Petition filed there.

Without question this court's attempt to alter the legal title to the property is a clear attempt to usurp a power which statutorily rests with the Land Court. If this court were allowed to take action regarding the certificate of title or Ms. Bourke and Mr. Hayward's interest in the property it would be a violation of their due process rights. They have as much right to have the title to their registered land adjudicated in the Land Court as every

4

other owner of registered land in the Commonwealth. *Blanchard v. Cortes-Molina*, 453 F.3d 40, 45 (1st Cir. 2006). [1]

## Conclusion

For all of the reasons set out above the Defendants pray that this Honorable Court allow this Motion for Relief from Judgment F.R.C.P. Rule 60(b)(4) & (6); and further enter all other orders and relief deemed meet and just.

    Respectfully submitted,

    Defendants Doneyn Bourke and
    William Hayward, Sr.,
    By their attorney,

    */s/ Thomas B. Vawter*
    Thomas B. Vawter, BBO #544321
    Vawter Law, LLC
    P.O. Box 24
    Gloucester, MA 01931-0024
    781-400-1978 (o)
    tbvawter@vawterlaw.com

### CERTIFICATE OF SERVICE

I, Thomas B. Vawter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing this 12th day of February, 2024.

    */s/ Thomas B. Vawter*
    Thomas B. Vawter

### LOCAL RULE 7.1(a)(2) CERTIFICATE

I, Thomas B. Vawter, hereby certify that he has attempted to contact Plaintiff's counsel by telephone and by email to confer pursuant to LR 7.1(a)(2) in an attempt in good faith to resolve and narrow the issues. As of the time of this writing, defendants' counsel has not spoken directly with Plaintiff's counsel. Given the divergent positions taken by the parties, it is unlikely that there will be an opportunity to resolve and narrow issues.

    */s/ Thomas B. Vawter*
    Thomas B. Vawter

---

1    Ms. Bourke and Mr. Hayward incorporate by reference their motion for reconsideration.