UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMIGRANT MORTGAGE COMPANY, INC., et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>DONEYN BOURKE, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 21-11133-JCB<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT[1]
[Docket No. 80]

March 14, 2024

Boal, M.J.

  This action arises out of foreclosure proceedings with respect to property located at 6 Arkansas Avenue, Nantucket, Massachusetts (the "Property"). On January 18, 2024, this Court granted the plaintiffs' motion for summary judgment and denied the defendants' motion for summary judgment. Docket No. 74. On January 31, 2024, this Court denied the defendants' motion for reconsideration. Docket No. 76.

  This Court entered a judgment in favor of plaintiffs and against the defendants on February 2, 2024. Docket No. 79. On February 12, 2024, the defendants filed the instant motion seeking relief from the judgment pursuant to Rules 60(b)(4) & (6) of the Federal Rules of Civil

---

[1] On December 20, 2022, the parties consented to the jurisdiction of a magistrate judge for all purposes and, on December 28, 2022, the case was reassigned to the undersigned. See Docket Nos. 23-26.

1

Procedure.  Docket No. 80.  Although styled as a motion for relief from judgment under Rule 60(b), "a post-judgment motion made within ten days [changed to 28 days in 2009] of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)."  Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 87 (1st Cir. 2012) (citation omitted).

To obtain relief under Rule 59(e), "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  Gonzalez-Arroyo v. Doctors' Center Hospital Bayamón, Inc., 54 F.4th 7, 19 (1st Cir. 2022) (citation omitted).  In addition, "a party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment, nor may it present new arguments on a Rule 59(e) if such arguments could, and should, have been made before judgment issued."  Id.  That is exactly what the defendants have done here: regurgitate arguments previously advanced and rejected by this Court several times.

Moreover, even if Rule 60(b) applied to this motion, it would still be denied.  "Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'"  Bouret-Echevarria v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir. 2015) (citation omitted).  However, "[r]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly."  Giroux v. Federal Nat. Mortg. Ass'n, 810 F.3d 103, 106 (1st Cir. 2016).  "Rule 60(b) recites six reasons justifying relief from final judgment."  Bouret-Echevarria, 784 F.3d at 41.  Defendants cite two here: Rule 60(b)(4) (judgment is void) and Rule 60(b)(6) (any other reason that justifies relief).  See Docket No. 80 at 1.

Under Rule 60(b)(4), a judgment is void only if the court lacked subject-matter or personal jurisdiction or its actions so far exceeded a proper exercise of judicial power that a violation of the due process clause results.  See Carrasquillo-Serrano v. Mun. of Canovanas, 991 F.3d 32, 39 (1st Cir. 2021).  The defendants argue that this Court lacks subject-matter jurisdiction over this action.  Docket No. 80 at 4.  For the reasons explained in this Court's orders on defendants' motion to dismiss (Docket No. 11 at 7-9) and the parties' cross-motions for summary judgment (Docket No. 74 at 6-12), this Court has jurisdiction over this action and the judgment is not void.  The defendants have not raised any new arguments that would persuade this Court that its prior findings were incorrect.

Rule 60(b)(6) requires a showing that "exceptional circumstances justify extraordinary relief."  Bouret-Echevarria, 784 F.3d at 44.  No such circumstances have been shown here.

Accordingly, this Court denies the defendants' motion for relief from judgment.

   /s/ Jennifer C. Boal  
JENNIFER C. BOAL  
U.S. MAGISTRATE JUDGE