UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMIGRANT MORTGAGE COMPANY, INC., et al._ ) ) ) ) Plaintiffs, ) ) )  Civil Action No. 21-11133-JCB v. ) ) DONEYN BOURKE, et al._ ) ) Defendants. ) ) | |

ORDER ON DEFENDANTS' MOTION TO STAY EXECUTION
AND ENFORCEMENT OF JUDGMENT PENDING APPEAL[1]
[Docket No. 91]

September 3, 2024

Boal, M.J.

　　Defendants Doneyn Bourke and William Hayward, Sr. have moved for a stay of execution and enforcement of the judgment while their appeal is pending before the U.S. Court of Appeals for the First Circuit. Docket No. 91. For the following reasons, this Court finds that, in order to obtain a stay of the judgment, the defendants must, within two weeks, provide security in the form of an appeal bond in the amount of $l,003,564.40 or make use and occupancy payments in the amount of $6,500 per month while their appeal is pending.

---

[1] On December 20, 2022, the parties consented to the jurisdiction of a magistrate judge for all purposes and, on December 28, 2022, the case was reassigned to the undersigned. See Docket Nos. 23-26.

I.        RELEVANT BACKGROUND

This action arises out of foreclosure proceedings with respect to property located at 6 Arkansas Avenue, Nantucket, Massachusetts (the "Property").  On January 18, 2024, this Court granted the plaintiffs' motion for summary judgment and denied the defendants' motion for summary judgment.  Docket No. 74.  On January 31, 2024, this Court denied the defendants' motion for reconsideration.  Docket No. 76.

This Court entered a judgment in favor of plaintiffs and against the defendants on February 2, 2024.  Docket No. 79.  Among other things, this Court ordered that plaintiff Retained Realty, Inc. ("RRI") is the true and lawful owner of the Property and was entitled to possession of the Property.  Docket No. 79 at 1.  It also entered judgment in favor of RRI in the amount of $1,003,564.40, with interest as provided by law, for the defendants' continued use and occupancy of the Property from March 21, 2011, through February 1, 2024, plus additional monthly use and occupancy payments at a rate of $6,500 per month until such time as defendants vacate the Property.  Id. at 2.

On March 1, 2024, defendants filed a notice of appeal of this Court's judgment.  Docket No. 82.  On August 14, 2024, the plaintiffs filed an application for a writ of assistance directing the defendants to vacate the Property and authorizing the U.S. Marshals Service or local law enforcement to take any and all necessary steps to obtain possession of the Property, including physically removing the defendants and their personal property from the Property.  Docket No. 92.  On that same date, the defendants filed the instant motion seeking a stay of execution and enforcement of the judgment while their appeal is pending.  Docket No. 91.

2

II.      ANALYSIS

Rule 62(b) of the Federal Rules of Civil Procedure provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "[A] party is entitled to a stay of the judgment as a matter of right upon posting a bond or security." Rebarber-Ocasio v. Feliciano-Munoz, No. 3:18-cv-01218-JAW, 2022 WL 17813005, at *2 (D.P.R. Nov. 2, 2022) (citation omitted). The purpose of the bond or other security requirement "is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." Id. at *3 (citation omitted).

Rule 62(d) allows a district court to "suspend, modify, restore, or grant an injunction" pending an appeal from a judgment that grants or denies injunctive relief. Fed. R. Civ. P. 62(d). A party seeking an injunction pending appeal under Rule 62(d) must show: "(1) whether the applicant has made a strong showing of success in the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002) (citing Hilton v. Braunskill, 481 U.S. 770, 776-777 (1987)).

Here, the defendants appear to seek an injunction pending appeal under Rule 62(d). See Docket No. 91 at 1 (citing to the requirements for an injunction under Rule 62(d)).[2] While the judgment in this case has monetary and non-monetary elements, however, it is not an injunction subject to Rule 62(d). See, e.g., United States v. Birdsong, No. CV 17-72-M-DWM, 2019 WL 1026277, at *1 (D. Mont. Mar. 4, 2019) (noting that while "foreclosure decrees and orders of

---

[2] Defendants do not specify the section of Rule 62 on which they are relying. They cite only to Rule 8(a)(1) of the Federal Rules of Appellate Procedure. Docket No. 91 at 1.

3

judicial sale have injunctive elements in that they direct parties to take specific actions with respect to the property," they are not injunctions because "foreclosure is merely a mechanism to enforce the money judgment."). Therefore, I find that the defendants' motion must be construed as a motion to stay the judgment under Rule 62(b).[3]

Under Rule 62(b), the defendants must provide a "bond or other security" or otherwise convince this Court to waive the bond requirement. See Exxon Corp., 963 F.Supp. at 60 (noting that the posting of a bond is the "usual rule," but the court may waive the bond requirement if the applicant shows it is not necessary to protect the interests of the appellee). Here, this Court has determined that the defendants owe RRI a total of $1,003,564.40 in past due use and occupancy and the fair market rental value of the Property is $6,500 per month. They have continued to use and enjoy the Property, notwithstanding the judgment determining that RRI is the true and lawful owner of the Property. Accordingly, this Court finds that, in order to obtain a stay of the judgment, the defendants must provide security in the form of an appeal bond in the amount of $l,003,564.40 posted with the Clerk of Court within two weeks. In the alternative, the defendants may elect to make use and occupancy payments in the amount of $6,500 per month, to be paid to the Clerk of Court, while their appeal is pending. The first payment must be made within two weeks. If they fail to do so, this Court will deny their motion for a stay and grant RRI's application for a writ of assistance.

---

[3] In any event, this Court finds that the defendants have not satisfied the requirements of Rule 62(d) because they have not made a strong showing of success on the merits. In order to make such a showing, the defendants' appeal must raise "serious and difficult questions of law in an area where the law is somewhat unclear." Exxon Corp. v. Esso Worker's Union, Inc., 963 F.Supp. 58, 60 (D. Mass. 1997). The defendants' motion is premised upon the same arguments that this Court has considered and rejected time and time again and present well-settled principles of law regarding foreclosures, this Court's subject matter jurisdiction, and the doctrine of res judicata.

**So Ordered**.

                                           /s/ Jennifer C. Boal
                                           JENNIFER C. BOAL
                                           U.S. MAGISTRATE JUDGE