UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMIGRANT MORTGAGE COMPANY, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>DONEYN BOURKE, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 21-11133-JCB<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON PLAINTIFFS' MOTION TO LIFT STAY AND ISSUE WRIT OF ASSISTANCE[1]
[Docket No. 103]

April 14, 2025

Boal, M.J.

Plaintiffs Emigrant Mortgage Company, Inc. and Retained Realty, Inc. ("RRI") have moved for an order lifting the stay of the judgment in this matter and to issue a writ of assistance pursuant to 28 U.S.C. § 1651.  Docket No. 103.  Defendants Doneyn Bourke and William Hayward, Sr. oppose the motion and have requested a further stay of execution pursuant to M.G.L. c. 239, § 9.  Docket No. 105.  For the following reasons, this Court grants the Plaintiffs' motion.

---

[1] On December 20, 2022, the parties consented to the jurisdiction of a magistrate judge for all purposes and, on December 28, 2022, the case was reassigned to the undersigned.  See Docket Nos. 23-26.

I.     RELEVANT BACKGROUND

This action arises out of foreclosure proceedings with respect to property located at 6 Arkansas Avenue, Nantucket, Massachusetts (the "Property"). On February 2, 2024, this Court entered a judgment in favor of Plaintiffs and against the Defendants. Docket No. 79. Among other things, this Court ordered that plaintiff Retained Realty, Inc. ("RRI") is the true and lawful owner of the Property and was entitled to possession of the Property. Docket No. 79 at 1. It also entered judgment in favor of RRI in the amount of $1,003,564.40, with interest as provided by law, for the Defendants' continued use and occupancy of the Property from March 21, 2011, through February 1, 2024, plus additional monthly use and occupancy payments at a rate of $6,500 per month until such time as Defendants vacate the Property. Id. at 2.

Defendants appealed and subsequently requested a stay of the judgment. Docket Nos. 82, 91. On September 3, 2024, this Court ordered that it would stay the judgment pending appeal subject to the Defendants providing security in the form of an appeal bond in the amount of $1,003,564.40 or use and occupancy payments in the amount of $6,500 per month while their appeal was pending. Docket No. 95. Because Defendants made a use and occupancy payment on September 16, 2024, this Court granted their request to stay the judgment and ordered them to continue to make monthly payments in the amount of $6,500 on or before the 16th of every month while their appeal was pending. Docket No. 97. Defendants are current on such payments.

On January 29, 2025, the U.S. Court of Appeals for the First Circuit affirmed this Court's decision granting summary judgment in favor of Plaintiffs. Docket No. 100. A mandate issued on February 20, 2025. Docket No. 102. On February 21, 2025, Plaintiffs filed the instant motion seeking an order lifting the stay and a writ of assistance. Docket No. 103. Defendants

2

filed an opposition on March 6, 2025.  Docket No. 105.  This Court heard oral argument on April

10, 2025.

II.    ANALYSIS

Pursuant to 28 U.S.C. § 1651, courts "may issue all writs necessary or appropriate in aid

of their respective jurisdictions and agreeable to the usages and principles of law."  In addition,

Rule 70(d) of the Federal Rules of Civil Procedure provides that "[o]n application by a party who

obtains a judgment or order for possession, the clerk must issue a writ of execution or

assistance."  As judgment has entered in its favor on its claim for possession of the Property, RRI

is entitled to a writ of assistance.  See Abate v. New York Community Bank, No. 13-10977-JCB,

2014 WL 12600982, at *2 (D. Mass. May 2, 2014) (citations omitted).

Nevertheless, the Defendants request that this Court extend the stay of the judgment and

execution for a year pursuant to M.G.L. c. 239, § 9.  Docket No. 105.  That statute authorizes a

judge to grant a stay of execution for up to a year, in a summary process action for eviction

without fault, where the occupant is handicapped or over the age of sixty.[2]  Fisher v. Seymour,

---

[2] The statute defines "handicapped person" as a person who:

    (a) has a physical or mental impairment which substantially limits such person's ability to care for himself, perform manual tasks, walk, see, hear, speak, breathe, learn or work; or

    (b) has a physical or mental impairment which significantly limits the housing appropriate for such person or which significantly limits such person's ability to seek new housing; or

    (c) would be eligible for housing for handicapped persons under the provisions of chapter one hundred and twenty-one B.

M.G.L. c. 239, § 9.  Defendants argue that Bourke qualifies as a handicapped person due to anxiety, panic disorder, a medical history of viral meningitis, as well as injuries sustained from a 2021 car accident.  Docket No. 105 at 1.  She has submitted a letter from Laura Kohtio-Graves, Adult Care Nurse Practitioner, stating, among other things, that Bourke's conditions "significantly impair her ability to manage stressful situations, such as relocating from her

3

No. 19-ADSP-119SO, 2020 WL 5250318, at \*1 (Mass. App. Div. June 25, 2020).  The purpose

of the statute is to "mitigate hardships to tenants, and at the same time to protect adequately the

rights of the owner of the premises."  Poutahidis v. Clingan, 2001 Mass. App. Div. 217, at \*3

(2001) (citing Opinion of the Justices, 321 Mass. 772, 774 (1947)).  "While the decision to grant

a stay of execution is discretionary and necessarily entails a consideration of the interests of both

parties, . . . 'the legislative purpose and policies underlying [G.L. c. 239, § 9] appear to mandate

a judicial thumb on the scale of any balancing of interests in favor of the tenant.'"  Id. (citation

omitted).

It does not appear that M.G.L. c. 239, § 9 applies under the circumstances.  This is not a

summary process action and it cannot be said that any eviction here is without fault.  Even if the

statute applied, a stay is not appropriate.  The judgment in this case issued on February 2, 2024

and has been stayed for over a year.  Defendants are not entitled to any more under the statute.

See, e.g., Cosmos v. Savarese, 103 Mass. App. Ct. 1115, at \*2 n.3 (2023) (unpublished decision);

Lorusso v. Talbot, 1999 Mass. App. Div. 301, at \*4 (1999).  This Court also notes that Plaintiffs

attempted to negotiate a short-term agreed-upon date for Defendants to move out of the Property

but Defendants were not willing to negotiate.  Accordingly, this Court will not further stay

execution of the judgment in this case.

III.   ORDER

For the foregoing reasons, this Court grants the Plaintiffs' motion to lift the stay of the

judgment in this matter and to issue a writ of assistance pursuant to 28 U.S.C. § 1651.

 /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

---

current residence."  Docket No. 105-1.  In any event, Bourke is over the age of sixty.